IN THE MATTER OF WILLIAM H. GALE, an attorney, etc.

Where an attorney employed by a husband to bring a divorce suit enters into collusion with the wife to manufacture evidence, which if not wholly untrue is deceptive, and thus to enable the husband to procure á divorce, this is an act of professional misconduct which authorizes an order disbarring the attorney.

(Argued December 20, 1878; decided January 21, 1879.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, disbarring the appellant for alleged professional misconduct.

It appeared that the appellant was employed by Alonzo Megarge to procure a divorce, and it was alleged by Mrs. Megarge that she was induced by representations on the part of Gale, to go to a hotel with him, where he engaged a room, entering in the registry the name "James H. Baldwin and wife," and by means of deception and coercion kept her in the

room with him all night; he had employed agents to watch, and upon their testimony succeeded in procuring a divorce.

The further facts appear sufficiently in the opinion.

*Geo. F. Betts,* for appellant. The burden of proof was on the prosecution. (*Anon,* 1 Hun, 321.)

*Per Curiam.* Upon the application to the Supreme Court, a reference was ordered to report the facts. A report was made, accompanied by an elaborate opinion of the referee, adverse to the defendant. A very full hearing was had at General Term, and a carefully prepared opinion delivered there, resulting in an order to disbar the defendant.

We have examined the evidence, and given the case a careful consideration. We do not think it needful to review the facts but only to state our conclusions.

We think that the referee and General Term were justified from the evidence, in finding that the defendant was at the hotel with Mrs. Megarge, and remained there during the night, for the purpose of procuring evidence of the circumstances to be used in the divorce suit in favor of her husband, for whom Gale was attorney. But we entertain serious doubts whether there was any deception, coercion, or restraint practiced by the defendant upon Mrs. Megarge. Her statement of the transaction is so unnatural, considered in the light of her experience and intelligence, and of the conceded facts of the case, as to render it almost incredible, and if the result depended upon the truthfulness of her evidence we should be unable to concur with the decision of the court below. A more reasonable version is that the defendant and Mrs. Megarge were in collusion to manufacture evidence to enable the husband to procure a divorce. She desired to have her husband succeed and was willing without in fact committing any wrong, at least to aid in creating circumstances from which an inference might be drawn of facts indispensible to be shown, to enable the husband to procure a divorce. This view of the case does not however relieve

the defendant from the charge of unprofessional conduct. Giving his conduct the mildest construction, it implicates him in aiding to manufacture evidence, which if not entirely untrue was deceptive, and even if he supposed that he was thereby serving the wishes and interests of both husband and wife such a practice on the part of an attorney is grossly wrong, and inexcusable.

We are therefore disinclined to interfere with the result, and the order must be affirmed.

All concur, FOLGER, J., concurring in result.

Order affirmed.