MARY A. KEATING v. BENJAMIN S. RETAN.

*Chattel mortgages—Filing—Evidence—Fraudulent conveyances.*

1. The production of the record-book of chattel mortgages from the proper office, upon which is found the entry of the filing of a chattel mortgage, as of a given date, in its regular order, accompanied by the testimony of the clerk that the mortgage was among the files of chattel mortgages in his office until about the time of the trial, when it was delivered to the attorney of the party producing it, is sufficient evidence of the making of such entry and of the filing of the mortgage at the date named.

2. In a suit between the holder of a chattel mortgage and an attaching creditor of the mortgagor, who attacks the mortgage as fraudulent as to creditors, testimony tending to prove that the mortgagor entered into a fraudulent arrangement with certain *other* creditors, with respect to *other* personal property, is properly excluded.

Error to Shiawassee. (Newton, J.) Argued April 17, 1890. Decided April 25, 1890.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*S. F. Smith,* for plaintiff.

CHAMPLIN, C. J. The defendant is a constable and as such attached certain chattels as the property of one Phillip Fauth.

The plaintiff held a chattel mortgage upon the attached property, executed by Phillip Fauth to secure the payment to plaintiff of $125 for that sum loaned to Fauth at the time he executed the mortgage. The defendant assails the validity of the mortgage, which was filed before

the attachment, as fraudulent and void as to the creditors of Phillip Fauth. He also claims that the mortgage was not properly filed in the clerk's office of the city of Owosso, where the parties resided, so as to give it any validity as against the creditors of Fauth.

The testimony shows that on the day the mortgage was executed it was delivered to Mrs. Keating, and Fauth then said he would take it to the city clerk's office, and have it filed. The mortgage was produced by the plaintiff at the trial, and read in evidence, and also the following indorsement upon the back thereof:

"Filed November 22, 1888, at 10 o'clock A. M.
"CHARLES HOWE, Deputy Clerk."

The mortgage was dated November 21, 1888. The defendant claims that the city charter did not provide for or authorize appointment of a deputy clerk.

It appears from the testimony that the mortgage was among the files of chattel mortgages in the city clerk's office until about the time of the trial, when it was delivered to plaintiff's attorney. The record-book of chattel mortgages was produced by the city clerk who succeeded the one in office at the time the mortgage was filed, and the entry of the filing of the mortgage on November 22, 1888, there appeared in regular order. This testimony was sufficient to show that the mortgage was filed and the proper entries made upon the book on November 22, 1888, and such entry and filing was sufficient in law to protect the rights of the mortgagee, and entitle her to the benefit of the statute as to notice of such rights.[1]

Complaint is made by the defendant's counsel that he was not permitted, upon the cross-examination of plaintiff's witnesses, to exercise sufficient latitude in his

---

[1] The attachment was levied November 23, 1888.

endeavor to show fraud. The testimony excluded was not such as tended to show that the mortgage in question was fraudulent, but that the mortgagor had committed fraud in dealing with his other creditors. The court exercised a fair discretion, and was right in holding that the defendant must prove that the transaction between Fauth and plaintiff was fraudulent as to creditors; and testimony which tended to prove that Fauth entered into a fraudulent arrangement with certain of his other creditors, with respect to other personal property, was not admissible under the issue in this case between these parties.

Defendant alleges error in the charge of the court wherein he told the jury that the entries of mortgages in the city clerk's record book showed a mortgage entered on November 20, which was the last entry before the one in question, and in the third line below there was another entry of December 26, 1888, and after that three other entries between other parties. Defendant's counsel insist that these entries were not offered in evidence, and it was improper for the court to call attention to them or comment upon them. The record before us does not show that such entries were offered or read in evidence. But the testimony, independent of these entries, tended strongly to show that the mortgage was filed and entered on November 22, and there was no conflicting or opposing testimony, and consequently nothing which would have warranted the jury in finding that it was not filed and entered on that day. The error, therefore, was not prejudicial to defendant, and does not call for a reversal of the judgment.

It is claimed that the circuit judge laid down a rule of damages which was applicable only in case the value of the goods was less than the amount of plaintiff's lien, and that the jury rendered a verdict for a larger amount; but

upon inspection of the record it appears that the jury returned a verdict only for the amount of plaintiff's claim, and it is therefore unnecessary to discuss the error assigned upon this portion of the charge.

The judgment is affirmed.

The other Justices concurred.

