# THE PEOPLE *ex rel.* Thomas F. Witherow
## *v.*
## D. JAMES LEARY.

ATTORNEY AT LAW—*cause for striking from roll.* Where an attorney at law, during the progress of a suit for divorce, made his own affidavit before a notary public, to be used on the hearing of a motion for provisional alimony for his client, and then erased his name therefrom and inserted that of his client, upon which he procured an order of court and obtained money from the husband of his client, his name was stricken from the roll of attorneys.

This was a proceeding, instituted in this court, by information, against Leary, to have his name stricken from the roll of attorneys, for misconduct in his profession. The facts sufficiently appear in the opinion.

Mr. THOMAS F. WITHEROW, *pro se.*

Mr. D. J. LEARY, *pro se.*

Mr. JUSTICE BREESE delivered the opinion of the Court :

This is an information, at the instance of the Bar Association of the City of Chicago, in which Thomas F. Witherow, Esq., a member of that association, appears as relator, and against D. James Leary, an attorney and counselor of this court, charging him with unprofessional conduct.

It appears, as early as January 19, 1875, the committee on grievances of the bar association, to which was referred the complaint made to the association, of the defendant's conduct, notified the defendant they would be in session on the 23d day of January to consider the complaints, and would be pleased to hear what he might have to say, and such evidence as he might offer in his behalf. Mr. Leary paid no attention to this notice.

The complaint investigated by this committee was, in substance, filing by the defendant an affidavit, known by him to be false, in a certain action pending in the Superior Court of Cook

county, wherein Martin M. Powers was complainant and Annie Powers was defendant, praying for a divorce on the ground of adultery, defendant being the attorney for Mrs. Powers. Whilst the suit was pending, Mrs. Powers, early in December, 1872, was confined in childbed, and application was made by defendant to the Superior Court for an order against her husband to supply her with means of support during this sickness. The motion to that effect was made in court by the defendant, and in its support he filed an affidavit purporting to have been made and signed by Mrs. Powers, and sworn to before one William E. Cowper, a notary public of Chicago. On the strength of this affidavit, an allowance, as prayed, was made by the court.

The charge is, this affidavit was manufactured by the defendant, and neither signed nor sworn to by Mrs. Powers, or by any one by her direction. Mrs. Powers denies it under oath, and so does the notary, and, we have no doubt, notwithstanding his own affidavit, the affidavits of Charles Wilson and of Eugene M. Hartman filed by defendant in his behalf. The evidence in this record most clearly establishes, as we think, the falsity of these and the undoubted truth of the other affidavits, and leaves no doubt on our minds that the affidavit was prepared and sworn to by defendant himself, and, after the *jurat* was put to it, he erased his name therefrom and substituted that of "Annie Powers," the defendant and his client.

The note of the judge trying the cause for divorce, which has been used as evidence without objection, shows most clearly that defendant's statement as to the time when and place where the affidavit was made, can not be true. By that statement, it appears Mrs. Powers was not before Cowper, the notary, or Leary, or absent from her house during the month of December, 1872, being confined during all that time in childbed. Cowper, the notary, testifies, in the most unqualified manner, that at no time was Mrs. Powers sworn to an affidavit before him, but that defendant was. We regret a member of the bar, an attorney of this court, should so act. A motive for his conduct may be found in the fact he had procured Mrs.

Powers, while in her confinement, to sign a paper authorizing him to receive any money which the court might allow her in the progress of the cause.

For a consideration so mercenary the defendant has degraded himself, and his name is not entitled to remain on the roll of honorable men, and it must be stricken from the roll of attorneys.