SMITH vs. WAGGONER, Administrator, etc.

*August 31 — September 21, 1880.*

CHATTEL MORTGAGE: FIXTURES: NOTICE: FRAUD. *(1) Directory statute as to record of chattel mortgage. (2) Proof of filing: certified copy. (3, 4) Chattel mortgage of fixtures: its effect as notice. (5) Whether mortgage fraudulent as against subsequent mortgagee.*

1. The statutory provisions which require a town clerk to enter in a book kept in his office certain facts touching each chattel mortgage filed in such office (R. S., sec. 832, subds. 9, 10, and sec. 2314), are *directory* only; and the failure of the clerk to keep such book or make such entries does not invalidate (as against a subsequent mortgagee) a mortgage duly filed in his office.

2. The certificate of the town clerk upon what purported to be a copy of a chattel mortgage, stated that he had "compared the above and foregoing with the original on file in my [his] office, and that the same is a true and correct transcript therefrom, and of the whole thereof, includ-

ing the filing of the same." Upon the copy was an indorsement which purported to state the time of filing, with a copy of the signature of the town clerk in office at the time of such filing. Neither this signature nor that to the certificate had any seal attached; and there was no other proof that the original mortgage, or any copy of it, was ever filed. *Held*, that the certificate, etc., were a compliance with the statute, and properly received in evidence.

3. A prior lien by mortgage or otherwise upon a mill containing articles of machinery which have become fixtures, will not be affected as to such fixtures by a subsequent mortgage of them as chattels, executed by the owner of the estate. And perhaps, in the absence of actual notice, a subsequent mortgagee of the entire estate, including such fixtures, might claim the fixtures as against a prior chattel mortgage of them alone, filed as such in the town clerk's office, but not recorded as a real-estate mortgage.

4. But the owner of a subsequent chattel mortgage of such fixtures, who has taken possession of them as personal property, and has removed them, is estopped to deny that they are personal property, as against one who claims them under a prior chattel mortgage.

5. While the acts of the prior mortgagee in taking possession of the machinery by virtue of his mortgage, after condition broken, and then surrendering it to the mortgagor with permission given the latter to use it for his own benefit, may be admissible evidence upon the issue of fraud in fact (where such issue has been properly made), the court cannot, upon mere proof of those acts, hold the mortgage void in law.

APPEAL from the Circuit Court for *Oconto* County.

Replevin, against *Mrs. S. H. Waggoner* and her husband, who had taken the property as her agent. The case is stated in the opinion. By direction of the court, the jury found that the plaintiff was owner and entitled to the possession of the property in suit; and that defendants unlawfully took and unjustly detained it. They further found the value of the property, and nominal damages for its detention; and also the facts in regard to the execution and filing of the several chattel mortgages under which the respective parties claim; that *Mrs. Waggoner* took her mortgage without actual notice of that given to the plaintiff; and that neither of the mortgages was ever recorded in the office of the register of deeds. From a judgment in favor of the plaintiff, the defendants appealed.

Smith vs. Waggoner, Administrator, etc.

Pending the appeal, *Mrs. Waggoner* died, and *Mr. Waggoner* became administrator of her estate.

*W. H. Webster*, for the appellants:

1. The only proper evidence of the filing of a chattel mortgage is the entry thereof in the book required to be kept by the clerk for that purpose. No such book having been kept or entry made, the case stands as though the respondent's mortgage had never been filed. *Shove v. Larsen*, 22 Wis., 142; *McCutchin v. Platt*, id., 561. 2. The mortgaged property was in fact realty, and constructive notice of the mortgage could be given only by recording it in the register's office. Undoubtedly the owner and the respondent might, *as between themselves*, fix upon it by contract the character of personalty; but they could not give it that character as between either of them and third parties. *Frankland v. Moulton*, 5 Wis., 1; *Bringholff v. Munzenmaier*, 20 Iowa, 513; dissenting opinion of DILLON, J., in *Sowden & Co. v. Craig*, 26 id., 156; *Lamphere v. Low*, 3 Neb., 131; *Fortman v. Goepper*, 14 Ohio St., 565, per WHITE, J.; *Brennan v. Whitaker*, 15 id., 446; *Simons v. Pierce*, 16 id., 215; *Powers v. Dennison*, 30 Vt., 752; *Davenport v. Shants*, 43 id., 546; *Hunt v. Bay St. Iron Co.*, 97 Mass., 279; *Haven v. Emery*, 33 N. H., 66, 69; *Fryatt v. Sullivan Co.*, 5 Hill, 116; *Trull v. Fuller*, 28 Me., 545; *Prince v. Case*, 10 Conn., 375; *Laudom v. Platt*, 34 id., 517; *Thropp's Appeal*, 70 Pa. St., 395; *Eastman v. Foster*, 8 Met., 19; *Gooding v. Riley*, 50 N. H., 400; *Voorhees v. McGinnis*, 48 N. Y., 278. The recording of respondent's mortgage as one of real estate would have protected him against levies on the property as personalty. *F. L. & T. Co. v. Railway Co.*, 3 Dillon, 412; *M. & M. R. R. Co. v. M. & W. R. R. Co.*, 20 Wis., 188. The appellants, without actual or constructive notice of the respondent's lien, took a chattel mortgage of the property, thus giving it the character of personalty as between themselves and the mortgagor. There was nothing in that act to notify them of the

former mortgage, or to estop them from denying that they had such notice, or to give the property the character of personalty as between them and third persons. 3. If defendants are to be treated as second mortgagees, still they had a right to take possession of the property, and make therefrom the amount due on their mortgage, as against all the world except the prior mortgagee. *Newman v. Tymeson,* 13 Wis., 172. In case of a sale under the first mortgage, they would be entitled to any surplus, to the extent of their mortgage lien. The prior mortgagee cannot take possession for the mere purpose of protecting the mortgagor in his use of the property, and destroying the rights of other lien-claimants. The respondent's own proof shows that he did not propose to take the property from the mortgagor, or let any one else do it; that his purpose was, through his mortgage, to protect the mortgagor in the continued possession, in spite of other creditors. The proof further shows that in the arrangement that was made between the respondent and Corcoran, the mortgagor, " there was nothing in particular said about what Corcoran was to do with the proceeds of the running of the mill." Such an arrangement made the mortgage absolutely void as against other creditors. *Steinert v. Deuster,* 23 Wis., 136; *Blakeslee v. Rossman,* 43 id., 121, and cases cited in the brief of counsel in that case. It is not necessary that such an arrangement should have been made at the inception of the mortgage; the effect is the same whenever it was made. *Putnam v. Osgood,* 52 N. H., 148, and cases there cited.

For the respondent there was a brief by *Hudd & Wigman,* and oral argument by *Mr. Hudd:* .

1. Under the statute, it is the deposit of the chattel mortgage with the proper clerk, that makes it notice. The failure of the clerk to keep the book, and make the entries therein, required by statute, could not deprive plaintiff of his rights. *Dikeman v. Puckhafer,* 1 Abb. Pr., N. S., 32. 2. Fixtures like those here in question become chattels where a contract

treati g them as such has been made between the owner of the land ε ιd the person who claims them as chattels. Hilliard on R. P., ch. 1, §§ 18–28; *Russel v. Richards*, 1 Fairf. (Me.), 429; 1 Hill, 176; *Godard v. Gould*, 14 Barb., 662; *Voorhees v. McGinnis*, 46 id., 242, 253; *S. C.*, 48 N. Y., 278; *Kinsey v. Bailey*, 9 Hun, 452; *Sisson v. Hibbard*, 10 id., 420; *Mott v. Palmer*, 1 N. Y., 564; *Ford v. Cobb*, 20 id., 344, 348–9, 352; *Sheldon v. Edwards*, 35 id., 279; *Tifft v. Horton*, 53 id., 377; *Shell v. Haywood*, 16 Pa. St., 523; *White's Appeal*, 10 id., 252; *Harlan v. Harlan*, 20 id., 303; *Coleman v. Lewis*, 27 id., 291; *Hunt v. Bay State Iron Co.*, 97 Mass., 279. If defendants had subsequently bought the property, or taken security upon it, as real estate, the question might arise whether the prior mortgage was void because not recorded as a real-estate mortgage; but that question cannot arise where the second mortgagee also dealt with the property as chattels, and claims them as such.

ORTON, J. This is an action of replevin brought by a senior mortgagee against a junior mortgagee of the same property, who had taken possession of and removed a part of it by virtue of his mortgage.

That the senior mortgage was filed in the office of the town clerk of the proper town, and in proper time, were facts specifically found by the jury; and such finding was not excepted to, and therefore, strictly, the question whether it had been duly filed was waived. But objection was taken on the trial to the introduction of the mortgage, on the ground that no sufficient proof of the filing of the mortgage was made by a certified copy of the mortgage and its indorsement of filing; and the learned counsel of the appellant may have rested upon such objection in good faith, as sufficient to raise the question, without excepting to the finding. It was admitted that no book had ever been kept by the town clerk of that town for

the entry of chattel mortgages. The statute requires the town clerk " to file all chattel mortgages when presented, and to enter at the time of filing, in a book properly ruled and kept therefor, the names of all the parties, etc., the date of each mortgage, and the date of filing the same," etc. (subdivisions 9 and 10, sec. 832, R. S.); and the clerk thereafter holds the custody of the mortgage. Section 2314 defines the filing above required as follows: " Such clerk shall indorse on such mortgage or copy the time of receiving the same;" and defines the custody of the mortgage above given as follows: " and keep the same in his office *for the inspection of all persons;*" and then defines the entries of the mortgage in a book, above required, as follows: " Such clerk shall also make the entries as required in subdivision 10 in section 832." Section 2313 makes the validity of the mortgage depend upon such filing alone, unless the possession of the property is delivered to, and retained by, the mortgagee. These provisions are easily understood, and make the filing of the mortgage and the indorsement thereof the principal things to be done as affecting the validity of the mortgage, and notice to all persons interested. The entries to be made in a book are not made essential to the validity of the mortgage or constructive notice of its filing; and therefore the requirement of such entries, by an established rule of construction, must be held to be merely directory, and the failure to make them cannot prejudice the rights of the mortgagee who has done all that the law requires of him to secure the filing of his mortgage by the town clerk. *Dikeman v. Puckhafer*, 1 Abb. Pr. (N. S.), 32; *Dodge v. Potter*, 18 Barb., 193. The statutes in respect to the registration of deeds of real estate, and the prerequisite index and other entries in the books kept for such purpose, is essentially different in its provisions; and the authority cited by the learned counsel, of *Shove v. Larsen*, 22 Wis., 143, is wholly inapplicable.

The certificate of the town clerk to the copy of the mortgage and its indorsements appears to be sufficient, and all that the statute requires.

The learned counsel of the appellant contends further, that the machinery of the mill had become fixtures and a part of the realty, and that, therefore, the first mortgage should have been recorded as a real-estate mortgage in order to charge the junior mortgagee with notice. It is true that a prior lien, by mortgage or otherwise, upon the estate, which might include all such fixtures as a part of it, might not be divested or affected in any manner as to such fixtures by a subsequent chattel mortgage upon such fixtures as personal property, by the owner of the estate. *Frankland v. Moulton*, 5 Wis., 1. And it may be that a subsequent mortgagee of the entire estate, including such fixtures as a part of it, might claim such fixtures as exempt from the lien of a prior chattel mortgage upon the fixtures alone, and filed as such in the town clerk's office, but not recorded as a real-estate mortgage, and of which he had no actual notice. In such cases the claimant is interested in the realty, and stands in relation to it by his mortgage, and has the undoubted right to insist that the fixtures are a part of it.

But in this case the junior mortgagee does not claim any interest in the realty, and holds no relation to it, but claims the fixtures as personal property, subject to his chattel mortgage, to be taken possession of, removed and sold as such. His mortgage is a *chattel* mortgage, and was filed as such, and upon condition broken he takes possession of the fixtures in question as personal property and removes them, and now claims title to them as personal property by virtue of his chattel mortgage. He has, in fact, severed these pretended fixtures from the realty to subject them to sale to satisfy his chattel mortgage, and thus treated them as in every respect personal property. Under such circumstances he has estopped himself from denying that the fixtures in question are per-

sonal property. When all the parties, as, in this case, the owner and the mortgagees, have seen fit to treat what might otherwise be fixtures and part of the realty as personal property, by their agreements, and thus sever them from the freehold and license their removal, the law will consider such fixtures, as between the parties, personal property to all intents and purposes. *Smith v. Benson,* 1 Hill, 176; *Ford v. Cobb,* 20 N. Y., 344; *Tifft v. Horton,* 53 N. Y., 377; *Hunt v. Bay State Iron Co.,* 97 Mass., 279.

It is further contended that the taking of the possession of the machinery in question by the senior mortgagee, after condition broken, by virtue of his mortgage, and then surrendering the same to the possession and use of the mortgagor, invalidated his mortgage, and that such surrender to, and permission to use the property for the benefit of, the mortgagor, are conclusive evidence of fraud in the giving of the mortgage; or that such conduct of the senior mortgagee so hindered or delayed the junior mortgagee as to be fraudulent in law. If any such issue had been made by the pleadings or on the trial, or presented to the jury, such conduct on the part of the senior mortgagee might have been evidence tending to show that his mortgage was given and taken with intent to defraud, as a question of fact. But no such issue was made or found, and the learned counsel of the appellant does not now claim that such conduct has any other bearing than to be conclusive that the mortgage is fraudulent in law and void. If the property, after being so taken possession of by the senior mortgagee, had been surrendered to the mortgagor with instructions "to go on and sell it," instead of *using* it, as in this case, it would not amount to fraud in law, and make the mortgage absolutely void, but would be "a fact very proper to be left to the jury in connection with the question of a fraudulent intent." This was one of the questions, and so decided, in *Cotton v. Marsh,* 3 Wis., 221.

*By the Court.*—The judgment of the circuit court is affirmed, with costs.