MARLET, Respondent, vs. HINMAN, Appellant.

*May 3 — May 20, 1890.*

*Chattel mortgages: Filing: Loss from files: Innocent purchaser.*

1. It was stipulated that the mortgagor, at the request of the mortgagee, delivered a chattel mortgage to the proper town clerk, "who took the same into his possession and filed it as of that day," making the entries required by subd. 10, sec. 832, R. S. *Held,* that the mortgage was duly filed, within the meaning of sec. 2314, R. S.
2. A chattel mortgage which has been duly filed is valid as against a subsequent *bona fide* purchaser of the property, although prior to his purchase the mortgage has disappeared from the files through the negligence or misconduct of the town clerk.

Marlet vs. Hinman.

APPEAL from the Circuit Court for *St. Croix* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of replevin brought by the plaintiff, as chattel mortgagee, to recover the possession of a pair of steers. The facts are undisputed, and to the effect that October 22, 1887, John F. Brewer and wife, in the absence of the plaintiff but at his request, executed a chattel mortgage on the steers in question to the plaintiff, to secure the sum of $61.67; that said Brewer, at the plaintiff's request, thereupon took the said mortgage to the proper town clerk's office, and handed the same to said town clerk, who took the same into his possession, and filed it as of that day, making the following entry in his indexed Book of Chattel Mortgages, to wit: "John F. Brewer to *John Marlet*, October 24, 1887. $61.67. Dated October 22, 1887; due October 22, 1888." November 1, 1887, said Brewer sold and delivered said steers to one Blakely for a full and valuable consideration, who then and there purchased the same in good faith and without notice of the existence of said mortgage, and upon the representations of said Brewer that the same were free and clear of all liens, and that there was no chattel mortgage thereon. The next day said Blakely, having heard that there was a chattel mortgage on the steers, given by Brewer, at once went to said town clerk's office, and in connection with the son of said clerk made a thorough and diligent search among the files and papers of said office and all the chattel mortgage files therein, but no such mortgage or copy thereof could be found in said office. None such, nor any copy thereof, was on file in said office, and neither said mortgage nor any copy thereof has since been on file in said office. November 30, 1887, said Blakely, for a full and valuable consideration, sold and delivered said steers to one Pettit, who bought the same in good faith, and without any notice of the existence of any such mortgage,

and relying upon the representations of said Blakely at the time of sale that there was no mortgage upon said steers. Thereupon said Pettit heard there was a chattel mortgage on the steers, and at once went to said town clerk's office, and was then and there informed by said clerk that there was no such mortgage nor any copy thereof on file in his office. December 15, 1887, said Pettit, for a full and valuable consideration, sold said steers to the defendant, who then and there purchased the same in good faith, and without any notice of the existence of any such mortgage, and relying upon information given him by said Pettit, at the time of such purchase, to the effect that the steers were free from any and all mortgage liens, and that he had been informed by the said town clerk that there was no mortgage thereon on file in his office.

Said mortgage was never taken from said files or town clerk's office by the plaintiff, or with his knowledge or consent, and he did not know that the same had been taken therefrom until after the defendant had so purchased said steers. During the time mentioned the said Blakely and Pettit were each and both financially irresponsible and insolvent. Before the commencement of this action the plaintiff demanded said steers of the defendant, who refused to give them up. Their value at the time of such demand was $60. The debt on which said mortgage was given has never been paid nor satisfied. The books in the town clerk's office do not show that the mortgage was ever canceled. The mortgage filed therein was the original and not a copy.

Upon the trial of the action a jury was waived, and the facts in the case, substantially as stated, were stipulated by the parties; and the court thereupon found the facts as stated in said stipulation, and, as conclusions of law, that the plaintiff should have judgment for the return of the steers, or for the value thereof in case a return could not

be had, with six cents damages for the detention thereof, with costs. From the judgment entered accordingly upon said findings in favor of the plaintiff, the defendant appeals.

The cause was submitted for the appellant on the brief of *R. H. Start*, and for the respondent on that of *J. R. Mathews*.

To the point that after a mortgage has been permanently removed from the town clerk's office it is no longer effectual to hold the property as against one who purchases it in good faith, for a valuable consideration, and with notice that there is no mortgage against it in the clerk's office, counsel for the appellant cited *Sternberger v. McSween*, 14 S. C. 36; *Woodruff v. Phillips*, 10 Mich. 500; *Swift v. Hall*, 23 Wis. 532; *Ward v. Watson*, 24 Neb. 592.

CASSODAY, J. "No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the mortgage or a copy thereof be filed as provided in the next section, except when otherwise directed in these statutes." Sec. 2313, R. S. The exceptions referred to have no application here. The next section thus mentioned provides that " every mortgage of personal property, or a copy thereof, may be filed in the office of the clerk of the town . . . where the mortgagor resides. . . . Such clerk shall indorse on such mortgage or copy the time of receiving the same, and keep the same in his office for the inspection of all persons. Such clerk shall also make the entries as required in subdivision 10 in section 832. Mortgages so filed shall be as valid and binding upon all persons as if the property thereby mortgaged had been, immediately upon the execution of such mortgage, delivered to, and the possession thereof retained by, the mortgagee." Sec. 2314, R. S.

The entries which sec. 832 thus requires the town clerk to make were "to file, when presented, all chattel mortgages and affidavits relating thereto, and to enter at the time of filing, in a book properly ruled and kept therefor, the names of all the parties, arranging mortgagors alphabetically, the date of each mortgage, and the date of filing the same and of each affidavit relating thereto." Subd. 10.

Was the mortgage in question "filed," within the meaning of the statutes quoted? It will appear from the foregoing statement that the "entries" which the town clerk was thus required to make in his index book were in fact made by him at the time the mortgage was delivered to and left with him. This court has gone so far as to hold, however, that the requirement of such entries to be made is merely directory, and not essential to the validity of such filing. _Smith v. Waggoner_, 50 Wis. 155. The statutes cited make it the duty of the clerk "to file" the mortgage or copy when presented, and to "indorse" thereon "the time of receiving the same." In the case cited, it is said by Mr. Justice ORTON, that "these provisions are easily understood, and make the filing of the mortgage and the indorsement thereof the principal things to be done as affecting the validity of the mortgage, and notice to all persons interested." 50 Wis. 160. In legal contemplation, the filing of the mortgage was complete when delivered to, received by, and left with the town clerk for that purpose. _Ibid.; Gorham v. Summers_, 25 Minn. 81; _People v. Bristol_, 35 Mich. 28; _Keating v. Retan_, 45 N. W. Rep. 141. The requirement of sec. 832, R. S., quoted, making it the duty of the town clerk "to file" such mortgage when presented, is nothing more than to receive the same and make the indorsement thereon required by sec. 2314, quoted. The stipulation to the effect that when the mortgage was handed to the town clerk, he "took the same into his possession, and _filed_ it as of that day," clearly means that he took the mortgage into

his official custody, and indorsed thereon "the time of receiving the same," within the meaning of the section last cited. True, it was so delivered to the town clerk by the mortgagor, but, since he did so at the request and as the agent of the plaintiff, though in his absence, the filing was just as effectual as though such delivery had been made by the mortgagee himself. *Sargeant v. Solberg*, 22 Wis. 136; *Harrington v. Brittan*, 23 Wis. 541. But the mere fact that the mortgagor was the agent of the mortgagee in thus filing the mortgage, gave him no implied authority to conceal the same in the office of the town clerk, and much less to remove the same from the files or the office. *Case v. Jewett*, 13 Wis. 498. In the case at bar there is no evidence of any such concealment or removal by the mortgagor. There is nothing in the record accounting or attempting to account for the absence of the mortgage from the files or the office. It does appear, however, that it was not taken therefrom by the plaintiff nor with his knowledge or consent, and that he did not know that the same had been taken therefrom until after the purchase of the steers by the defendant. It follows from what has been said that the mortgage was duly filed.

The mortgage being "so filed," the statute quoted expressly declares that it "shall be *as valid* and binding upon *all persons* as if the property thereby mortgaged had been, immediately upon the execution of such mortgage, delivered to, and the possession thereof retained by, the mortgagee." Sec. 2314. The question recurs whether the plaintiff is to be deprived of these statutory provisions in his favor, without any fault, negligence, or privity of his own, and solely by reason of the negligence or misconduct of the clerk. "It is the settled law of this state that the mortgagee of chattels has the legal title to the property before the debt is due, and that he may take immediate possession thereof, unless by express stipulation the mortgagor is permitted to

retain possession." *Hill v. Merriman*, 72 Wis. 486. Such right of the mortgagee was fully protected by such filing of the mortgage, even as against subsequent purchasers for value in good faith. The possession of personal property is at most only *prima facie* evidence of title. A *bona fide* purchaser of such property from one in possession cannot hold the same as against the true owner. Had the mortgage in question remained on file, and the mortgagor had removed to some other town, or even some other state, and there, during the life of the mortgage, sold the steers to a *bona fide* purchaser, yet there is plenty of authority for holding that such purchaser would not thereby have acquired title to the same as against the mortgagee. *Kanaga v. Taylor*, 7 Ohio St. 134, 70 Am. Dec. 62, and numerous authorities cited in the note; *Keenan v. Stimson*, 32 Minn. 377; *Norris v. Sowles*, 57 Vt. 360. The loss in such supposed case would, under these authorities, fall upon the purchaser. Here there is much stronger reason for holding that it should fall upon the defendant as such purchaser, since he has his remedy against the clerk, by reason of whose misconduct or negligence the loss has been sustained. Secs. 830, 985, R. S.

*By the Court.*— The judgment of the circuit court is affirmed.