In re Will of Madden: Mackin vs. Madden.

LEWIS, Respondent, vs. THE AMERICAN SAVINGS & LOAN ASSOCIATION and others, Respondents, and HALE, Receiver, Appellant.

*September 5 — September 26, 1899.*

---

IN RE WILL OF MADDEN: MACKIN, Administrator, Appellant, vs. MADDEN, Respondent.

*September 6 — September 26, 1899.*

(1) *Appeal: Notice: Service on clerk.* (2, 3) *Estates of decedents: Expenses of administration: Homestead: Wills.*

1. A notice of appeal to the supreme court, delivered to the clerk of the circuit court for the purpose of complying with the appeal statute on that subject and having such notice filed and certified to this court as part of the record on appeal, which is so filed and returned,

104   61
f105   23

104   61
108   448

104       61
f110   ¹ 63

104       61
114   ¹256

104       61
Case 2
116   ³533

62        SUPREME COURT OF WISCONSIN.        [104

In re Will of Madden: Mackin vs. Madden.

satisfies the statutory requisites of such an appeal as regards the serving of notice on such clerk and the return thereof to this court; and the clerk's filing on such notice sufficiently proves the facts. BARDEEN, J., dissents.

2. Expenses of administration may be made a charge on the homestead by will, subject to widow's rights to be asserted at her election.

3. If a testator, by will, make debts and legacies a charge on his homestead, requiring its conversion into money for their payment, there being no other property out of which to pay the same or the expenses of administration, the payment of such expenses out of the fund derived from such sale will be deemed, by implication, to have been contemplated by the testator and made a charge, upon such fund.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Reversed.*

Patrick Madden, deceased, willed his property as follows: To his wife for life, remainder over, one half of the real estate to *Phillip Madden* without incumbrance, $100 to his daughter, Elizabeth Coleman, $5 to Andrew Madden, and the rest and residue, after the payment of all of his debts, to Mary Ann Brown. Substantially all the property possessed by the testator at the time of his death was a homestead incumbered by a mortgage. The will was duly admitted to probate, and the widow elected to take under it. Claims were allowed against the estate to the amount of $42.50, but there was no property with which to pay them or the expenses of administration, unless the property left to Mary Ann Brown was liable therefor. The probate court was petitioned for a license to sell the interest of Mary Ann Brown to obtain money to pay the claims allowed against the estate and the expenses of administration, which was granted as to such claims, but denied as to such expenses. The administrator appealed from such determination to the circuit court, where it was affirmed, and from the judgment of affirmance he appealed to this court.

In re Will of Madden: Mackin vs. Madden.

For the appellant there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.

For the devisees there was a brief by *E. Blewett* and *D. D. Sutherland*, and oral argument by *Mr. Blewett*.

MARSHALL, J.   A motion was made by the respondent for a dismissal of the appeal because there was no proof on file of service on the clerk of the circuit court of the notice of appeal.   A proper notice of appeal was found in the record certified to this court, with the usual filing thereon of the clerk of the lower court.   It was urged that the statute requires a service of the appeal notice on the clerk of the circuit court where the judgment appealed from was entered, by delivering to such clerk, and leaving with him, a true copy thereof, and proof thereof, together with the original notice, to be duly certified to this court.   To support such contention respondent's counsel cited *Yates v. Shepardson*, 37 Wis. 315, where a notice of appeal was not delivered to or filed with the clerk of the trial court; also *Eureka S. H. Co. v. Sloteman*, 67 Wis. 118, where the notice was not delivered to the clerk for the purpose of complying with the appeal statute, but was filed with him pursuant to a *nunc pro tunc* order of the trial court; and *North Hudson M. B. & L. Asso. v. Childs*, 86 Wis. 292, where the notice of appeal was neither directed to nor delivered to the clerk of the trial court.   It will be observed that neither of such cases is similar in its facts to the one before us.   Here a notice of appeal duly directed to the clerk of the trial court was delivered to him for the purpose of complying with the appeal statute, and was filed and returned by him to this court as a part of the record. Sec. 3049, Stats. 1898, provides that an appeal must be taken by serving a notice in writing on the adverse party and on the clerk of the circuit court in which the judgment or order appealed from is entered; and sec. 3050 provides that the clerk shall in all cases transmit to the supreme court the

notice of appeal.   It is considered that if a notice of appeal, made and directed as required by the statute, is delivered to the clerk of the trial court for the purpose of making the requisite service on him and having such notice filed and returned as part of the record on appeal, and it is so filed and returned, the calls of the statute in regard thereto are amply satisfied, and the notice, with the clerk's indorsement thereon, shows *prima facie* the jurisdictional requisite as to such service.

It would require an exceedingly strict construction of the statute to reach the conclusion that there must be a notice of appeal served by copy on the attorney for the adverse party and on the clerk of the trial court, and that such notice, with proof of such service, must be filed with such clerk and by him certified to this court in order to confer jurisdiction upon it.   The delivery to the proper clerk of a notice of appeal for the purpose of complying with the appeal statute, constitutes a literal compliance therewith, and the clerk's filing thereon sufficiently proves the service.   The return of the notice served and filed complies, literally, with the statute requiring the notice of appeal to be so returned. The motion to dismiss the appeal is denied.

The only error assigned on the merits of the appeal is the denial of payment of the expenses of administration out of the proceeds of the sale of one half of the real estate, after the expiration of the life estate of the wife of the testator. To support the decision of the trial court reliance is placed on secs. 2271, 2280, Stats. 1898.   The first section provides that when a homestead shall not have been devised by the owner it shall go to certain designated heirs free from all claims against the estate except mortgages lawfully executed thereon and laborers' and mechanics' liens.   The second section provides that 'when the homestead shall have been disposed of by will the devisee shall take the same free from all judgments and claims against the testator or

the estate, except mortgages lawfully executed thereon and
mechanics' and laborers' liens, provided further that in the
event of there being no widow or minor child, or other
property than the homestead sufficient to pay the expenses
of the last sickness, the funeral expenses, and the costs and
charges of administering the estate, the homestead shall be
liable therefor; and provided further, that if the testator
shall leave no widow, child or grandchild, nor other prop-
erty sufficient to pay his debts and liabilities, the homestead
shall be liable therefor.' Neither of such sections goes
further than to indicate the general policy of the law re-
garding the homestead, governing cases where a different
disposition of it is not made by the testator. The first sec-
tion does not apply because the deceased died testate; the
second section does not govern if the testator expressly or
by necessary implication charged the homestead with the
payment of the expenses of administration. There is noth-
ing in the statutes depriving a person of the right to dispose
of his homestead by will in any way he sees fit, subject to
widow's rights to be asserted at her election. That right
carries with it the power to subject the devised estate to
such conditions as the testator may see fit to impose, such as
the payment of debts or the expenses of administration.
*Turner v. Scheiber*, 89 Wis. 1. The law in that regard was
understood by the trial court, hence his decision that the
interest in the homestead devised to Mary Ann Brown was
subject to the debts of the deceased because charged upon
it by the testator, in the light of a proper construction of
the will, but otherwise, the expenses of administration.

Expenses of administration constitute a charge of the
highest character against the estate in which they are in-
curred. They take precedence of debts, even of such as.
grow out of the last sickness, unless otherwise provided by
statute. Woerner, Administration, §§ 356, 362. Such ex-
penses are a necessary incident to the carrying out of the

purpose of the testator, without which such purpose would be quite likely to fail in whole or in part. When the will requires a full administration of the estate and the conversion of some part of it into money for the payment of debts and legacies, it must be presumed that the incidents of such purpose were in the mind of the testator when the will was drawn and were provided for by the will, in the absence of some clear language indicating a contrary intent. When a homestead is devised and nothing said about the payment of expenses of administration, no presumption can be indulged in of a right to charge such homestead therewith, because by the will and under the statute the property in such a situation goes directly to the devisee without the right of possession or control vesting in the executor at all; but where the will requires a sale of the homestead and a distribution of the proceeds in the payment of debts and legacies, thereby requiring a conversion of realty into personalty in the hands of the executor, it must follow that the necessary condition of such a situation will attach to such money, namely, the payment of the expenses of administration, precedent to the rights of the beneficiaries of the fund, and that such was the testator's will.

It follows that the will in question, properly construed, charges the estate in remainder not devised to *Phillip Madden* with the payment of the legacies mentioned in the will and the debts of deceased and expenses of administration, and that the latter take precedence of such debts and legacies.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Bardeen, J.   I respectfully dissent from that portion of the decision in this case which denies the respondent's motion to dismiss the appeal. It is conceded that the record

fails to show any service of the notice of appeal upon the clerk of the court in which the judgment appealed from was entered. The service of such notice was an essential requisite of the appeal,— made so by the statute, in language as plain as printed words can make it. Sec. 3049, Stats. 1898, says: "An appeal *must* be taken by *serving* a notice in writing, signed by the appellant or his attorney, on the adverse party and *on the clerk of the court* in which the judgment or order appealed from is entered." Presumably, the requirement that the notice should be served upon the clerk was put into the statute for some useful purpose. Sec. 2820 provides that such service may be made by delivery of a copy thereof to the clerk, or, if not found, at his office or residence. Respondent's motion is based upon the fact that no such service has been made. *Yates v. Shepardson,* 37 Wis. 315, cited in the opinion, holds distinctly that cases can only be brought to this court by appeal in the manner prescribed by the statute. When the record fails to show compliance therewith, unless such proof is furnished, clearly the appeal should be dismissed. If the record fails to show such a notice given, the presumption is that such notice was *not* given. If the legislature meant that filing the original notice with the clerk was sufficient notice to him, it would have been an easy matter to have said so. *They did not say so.* They said the appeal must be taken by service of a notice in writing upon the clerk. *Filing* an original notice with him is no more a service upon him than it would be service on the attorney. He is made the legal custodian of the papers in the case, and they are to be filed with him after the usual steps have been taken to secure jurisdiction. To say that such filing is to be deemed equivalent to service upon him is contrary to the express requirements of the statute, and repugnant to all rules of practice in such cases. Against this construction of the law I desire my protest to be entered.