WILLEY, Appellant, vs. CLARK, Administrator, and others, Respondent.

*September 7 — December 15, 1899.*

*Appeal: Service of notice: Wills: Construction: Uncertainty: Void devise.*

1. The notice of appeal to the supreme court need not be served on the clerk of the circuit court by copy. *In re Madden's Will*, 104 Wis. 61, followed.
2. A will, after providing that all debts and funeral expenses be paid out of the real estate not devised to testator's wife, read, "Second: I give to my wife, E., the undivided real estate of which I die seized. I also desire that my said wife shall control and have all the proceeds of said real estate until the same is divided either by the mutual consent of the parties interested or by the judgment of a proper court." Testator followed this with a bequest of all his household furniture and live stock to his widow, and then provided a bequest to A. of $100, out of "the residue of my estate after my said wife has received her portion as above expressed," and divided the "balance of my said estate" among grandchildren. Testator had no real estate except a homestead of which he was the sole owner. *Held*, that there was a patent ambiguity in the will, that those portions thereof devising the undivided real estate were void for uncertainty, and that the homestead passed as intestate property.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

James H. Willey, deceased, left a will disposing of his property in the following language:

" First: It is my desire that all of my debts and funeral expenses be paid out of my real estate not given to my wife.

" Second: I give and bequeath to my wife *Eliza J. Willey* the undivided real estate of which I die seized. I also desire that my said wife shall control and have all the proceeds of said real estate until the same is divided either by the mutual consent of the parties interested or by the judgment of a proper court.

" Third: I also give and bequeath to my said wife all my household goods of every kind, pictures and ornaments; all horses, cows, hogs and young cattle now on my farm in Richland county, Wisconsin.

" Fourth: I desire *John Annear* to have from the residue of my estate after my said wife has received her portion as above expressed, one hundred dollars, and the balance of my said estate I wish divided between the children of my deceased daughters, Grace, Emily and Annie."

The deceased did not, at the time of the making of the will or at the time of his death, have any real estate except a homestead, and of that he was the sole owner.   The probate court decided that the second subdivision of the will was void for uncertainty, but that the other portions of the will were valid, and it was admitted to probate accordingly, leaving the homestead to pass as intestate property.   On appeal of the widow to the circuit court the determination of the probate court was affirmed, and from the judgment of affirmance this appeal was taken.

For the appellant there were briefs by *Palmer & Whitman*, attorneys, and *A. R. Bushnell*, of counsel, and oral argument by *W. G. Palmer* and *Mr. Bushnell*.

For the respondents there were briefs by *Richmond, Smith & Lincoln*, attorneys for the respondents except the administrator, and oral argument by *T. C. Richmond* and *F. W. Burnham*.

The following opinion was filed September 26, 1899:

MARSHALL, J.   There was a motion to dismiss the appeal because the notice of appeal was not served on the clerk of the circuit court by copy, which is denied for the reasons stated in *In re Madden's Will*, 104 Wis. 61.

The conclusion that there is a patent ambiguity in the will, and that some portions affected by it must be rejected, cannot be avoided.   No rules known to the law can be successfully resorted to for the purpose of determining what was

intended by the language of the second clause of the will bequeathing the undivided real estate to *Eliza J. Willey*. We cannot say the intention was that she should have all the real estate not to be divided, under other parts of the will, between two or more parties, because the closing language of the clause shows unmistakably that the word "undivided" refers to property that was to be so divided. We cannot say that the bequest referred to real estate other than that of which the testator was the sole owner, because there was no such real estate to which the language could apply either at the time of the making of the will or at any other time during the life of the testator. We cannot say, as contended for by the appellant, that the language can be construed consistent with an intention that the wife should have all the real estate, because by the first clause of the will the testator's debts were made a charge upon the real estate not given to the wife, and by the last clause the intent is manifest to give to *John Annear* and to the three grandchildren named an interest in such property. True, *estate* is mentioned in the last clause, not *real estate*, but that must be read in connection with the language of the second clause relating to a division of the real estate not given to the wife. In short, to say that the word "undivided" was intended to carry all the testator's real estate to the wife, would ignore the whole scheme of the will. The conclusion is arrived at. with a certainty that leaves no ground for reasonable controversy, that the testator intended to give to his wife a portion only of his real estate, and that the word indicating what portion was intended was omitted. It is beyond the power of the court to supply that omission even if there were any way of determining the testator's purpose. The rule that words may be considered in place, that appear by necessary implication, does not apply. Wills can be construed by courts, not reformed, and the office of construction or interpretation can go no further than to determine the intention of the testator and give that effect to his language

which will come as near such intent as the rules of law and of language will permit. Whatever the intention, unless it can be considered as within the reasonable meaning of the testator's words, or those necessarily implied, in the light of the circumstances under which they were used, it must fail. As it is said, courts resort to rules of construction and interpretation to get sense out of words, not to put sense into them. We are not permitted to speculate as to what the testator intended. If that intention cannot be intelligently read out of the language used by the testator, such language must be rejected. Woerner, Am. Law of Administration, § 414; Williams, Ex'rs (6th Am. ed.), 1148 [1078].

The foregoing is in accordance with the decision of the trial court, and therefore the judgment must be affirmed.

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied December 15, 1899.