Flanders and others vs. Keefe.

108   441
114   ¹256

FLANDERS and others, Respondents, vs. KEEFE, Appellant.

*November 20, 1900 — January 8, 1901.*

*Attorneys at law: Professional misconduct: Disbarment.*

1. In proceedings to disbar an attorney at law, there is *held* to have been a clear preponderance of satisfactory evidence in support of findings of the trial court, to the effect that the defendant attempted to deceive the court in which a judgment had been rendered against him by making and presenting, upon a motion to set aside an execution issued on such judgment, affidavits known by him to be false, stating that he had, at a certain date prior to the issuance of such execution, served a notice of appeal from such judgment upon the attorney of the opposite party and upon the clerk of the court, and by falsely pretending and claiming that a certain paper, found some months later in the clerk's office among the papers in the case, was the notice he had served on the clerk, when in fact such paper had been secretly placed among the files by defendant himself at some time after the issuance of the execution.

2. For such misconduct the defendant was properly disbarred.

APPEAL from an order and judgment of the circuit court for Milwaukee county: JAMES O'NEILL, Judge. *Affirmed.*

For the appellant there was a brief by *Timlin, Glicksman & Conway*, and oral argument by *W. H. Timlin.*

For the respondents there was a brief by *Stark & Hansen*, and oral argument by *Joshua Stark.*

CASSODAY, C. J. Upon the verified petition of *James G. Flanders* and four other lawyers of Milwaukee, made November 25, 1898, the defendant, *John C. Keefe*, was, on December 9, 1898, ordered by the circuit court for Milwaukee county to show cause before that court on a day named why his license to practice as an attorney in the courts of this state should not be revoked and he be disbarred. Such petition charged, in effect, that in 1897 the defendant, *John C. Keefe*, was indicted by the grand jury and tried in the

United States district court for the Eastern district of Wisconsin for unlawfully retaining a certificate of pension after due demand therefor by the pensioner to whom it was issued by the United States, and refusing to surrender such certificate to the pensioner on his demand until he should be paid an alleged debt against the pensioner; that upon the trial he was convicted of such offense by a verdict of the jury, and was thereupon sentenced to pay a fine and the costs of prosecution, amounting to $177.39, which was paid by him, and that such conviction remains in full force; that in August, 1896, the defendant, *Keefe*, made false statements in his several affidavits in respect to the service of notice of appeal in his action against Edward J. Furlong, which had previously been determined against him in the superior court of Milwaukee county, knowing the same to be false, with the intent to deceive the court in respect thereto; that he placed, or caused and procured to be placed, among the files in his action against Furlong in the office of the clerk of the court, a paper (known as Exhibit E) purporting to be a notice of appeal to this court from the judgment in that action, and claimed and insisted before that court upon the hearing of a motion made by him in that action that such paper (Exhibit E) was in fact filed with the clerk in that action April 25, 1896, when in fact, as he, the defendant, well knew, Exhibit E had not been filed with the clerk, but had been secretly placed among the files in that action long after August 15, 1896,— such claim being intended to deceive that court in respect to the matter upon which such motion was based.

The defendant answered such petition by way of admissions, denials, and counter allegations, and, among other things, admitted that he had been convicted in the United States district court of having retained a certificate of pension, but claimed that it was not criminal, and at most was *malum prohibitum;* and further alleged that his several affi-

davits in the Furlong case were each and all strictly true, and that the notice of appeal was served on Furlong's attorney April 25, 1896, and filed with the clerk of the superior court on the same day.

The issues thus formed having been tried in the circuit court January 31, 1899, that court made its findings of fact and conclusions of law therein July 11, 1899, to the effect that the conviction and sentence in the United States court was for a statutory misdemeanor only, was committed by the defendant when he was not aware of the statute creating the offense and hence was not guilty of any conscious or intentional violation of such statute, and therefore was not sufficient ground to revoke his license to practice as an attorney in the courts of this state. The court further found that the action commenced by the defendant against Furlong in August, 1895, was tried in the superior court of Milwaukee county, and as a result of such trial a judgment was entered therein February 25, 1896, dismissing the action, with $239.59 costs; that, a bill of exceptions having been settled and signed therein, the same was filed with the clerk of the court therein April 25, 1896; that May 1, 1896, the defendant herein filed with such clerk an undertaking in the form required to stay proceedings in case of an appeal to this court; that on or about July 29, 1896, Furlong's attorney issued an execution on such judgment against this defendant for the collection of such costs; that August 1, 1896, this defendant procured from the judge of that court an order to show cause why such execution should not be revoked and set aside, returnable September 12, 1896; that such order to show cause was heard by the superior court September 19, 1896, at which time the defendant herein submitted to that court in support of such motion the three several affidavits made by himself, one of which was sworn to by him August 1, 1896, and the other two August 29, 1896, in each of which he stated on oath, in substance, that pro-

ceedings were had in the Furlong case April 25, 1896, whereby that case was appealed to this court; that in one of such affidavits so made August 29, 1896, he stated under oath that he served on F. C. Eschweiler, attorney for Furlong in that action, a notice of appeal to this court in that action, under sec. 3049, R. S., dated April 25, 1896, that a similar notice of appeal therein was served on A. W. Hill, the clerk of that court, and that such notice of appeal and a copy of such undertaking were duly served on such attorney for Furlong by leaving a copy of the same at his office in the city of Milwaukee, April 25, 1896, by the defendant herein personally; that in the other affidavit so made by the defendant herein August 29, 1896, and which was attached to a notice of appeal in that action, the defendant herein stated under oath that he personally served such notice of appeal to this court in that action April 25, 1896, on Furlong's attorney, Eschweiler, by then and there delivering to him and leaving with him at his said office, April 25, 1896, a copy of such notice of appeal, and a copy of the undertaking given thereon, and that copies of the same were also duly served on said Hill, clerk of that court, and deposited in the office of that clerk; that said several affidavits of the defendant herein were so made and used by him upon the hearing of that motion in that court for the purpose of showing and inducing the judge of that court to believe that an appeal from the Furlong judgment for costs had been in fact perfected April 25, 1896, by due service of a notice of appeal on that day, and hence that the issue of an execution on that judgment by Furlong's attorney, July 29, 1896, was irregular.

The court further found that such statements of the defendant herein in such affidavits were false, and were known by him to be false at the time they were so made; that it was not true that notice of appeal from the Furlong judgment was served, either on Furlong's attorney, Eschweiler,

or upon the clerk of the superior court, or were filed or deposited in the office of that clerk April 25, 1896, or at any time prior to July 29, 1896, when such execution was so issued; that the defendant herein made such false statements in such affidavits wilfully and corruptly, knowing when he so made them that the statements therein respecting the service of notice of appeal were false, and intended thereby to deceive and mislead the court; that at the hearing of such motion, September 19, 1896, the defendant herein also claimed and maintained before that court that a certain paper (Exhibit E) purporting to be a notice of appeal, and then found among the files in that action in the office of the clerk of that court, had been in fact filed therein April 25, 1896, when in fact such pretended notice of appeal so found among the files in that action September 19, 1896, was not in fact filed, and never had been filed, with the clerk of that court, and was not among the files in that action before July 29, 1896, but was secretly placed among such files by the defendant herein at some time after the issue of such execution, and without the knowledge of the clerk of that court, or of his deputies or clerks, or either of them, for the evident purpose of enabling the defendant herein to urge the presence of such pretended notice so among such files upon the attention of that court as evidence in support of his claim and assertion so made in his said affidavits to the effect that he had in fact perfected an appeal to this court April 25, 1896; and that all the allegations in the petition in respect to the acts of the defendant herein in the proceedings in the Furlong action were true.

And as conclusion of law the court found, in effect, that by reason of such false statements in his said several affidavits, knowing the same to be false, with the intent and for the purpose of deceiving the court in respect thereto, and having falsely claimed and insisted before the superior court upon the hearing of such motion, as stated, that the

Flanders and others vs. Keefe.

paper (Exhibit E) found among the files in that action at the date of such hearing, purporting to be a notice of appeal to this court from the judgment in the Furlong case, was in fact filed with the clerk in that action May 25, 1896, when in fact, as he then well knew, Exhibit E had not been filed with the clerk of that court, but had been secretly placed among the files in that action after July 29, 1896, by him, intending thereby to deceive and mislead that court in respect to the matter upon which such motion was based,— the defendant herein was therein and thereby guilty of gross improprieties and misconduct as a lawyer in the practice of his profession, as charged in the petition in this matter, and was and is not a fit and proper person to practice law as an officer of the court, or to be a member of the legal profession.

Upon such findings it was thereupon ordered and adjudged by the circuit court that the defendant herein, *John C. Keefe,* be, and he was thereby, forever disbarred from practice as an attorney at law in this state, and that his name be stricken from the roll of attorneys of the circuit court, and that his license to practice law as a member of the bar of this state be revoked and annulled. From that order and judgment, and the whole thereof, the defendant brings this appeal.

This court held several years ago, in effect, that, in order to disbar an attorney, the charges of professional misconduct must be established by a clear preponderance of satisfactory evidence. *In re O——,* 73 Wis. 617, and cases there cited. That case has been cited approvingly in other jurisdictions. *Boston Bar Asso. v. Greenhood,* 168 Mass. 183; *In re O'Connell,* 174 Mass. 253, 262. As stated by that court and standard text writers the "primary purpose" of such a proceeding "is not punishment, but the preservation of the purity of the courts, and the protection of the public from attorneys who disregard their oath of office." *Id.,* citing numerous

adjudications in support of the proposition. *In re O——*, 73 Wis. 621; Weeks, Attorneys at Law, § 80. In the language of Lord ESHER, M. R., speaking for the court, in a recent case: "In order to support such a motion as the present, it must be shown that he [the attorney] had done something dishonorable to him as a man and dishonorable in his profession. . . . It was a breach of duty wilfully to mislead the court by keeping back information which he knew the court ought to have, or by stating facts which he knew to be untrue." *Re Cooke*, 33 Sol. J. & Rep. 397. There are numerous cases in each of which an attorney has been disbarred for knowingly deceiving or attempting to deceive the court as to matters pending before it; also for changing its records. A few only are here cited. *Matter of Gale*, 75 N. Y. 526; *Matter of Ryan*, 143 N. Y. 528, 530, 531; *Serfass's Case*, 116 Pa. St. 455; *People ex rel. Moses v. Goodrich*, 79 Ill. 148; *People ex rel. Witherow v. Leary*, 84 Ill. 190; *People ex rel. Att'y Gen. v. Beattie*, 137 Ill. 553; *People ex rel. Att'y Gen. v. Hill*, 182 Ill. 425; *People ex rel. Deneen v. Pickler*, 186 Ill. 64; *State ex rel. Walker v. Harber*, 129 Mo. 271.

According to the findings of the trial court in the case at bar the attempt to deceive the court consisted in making and presenting to the court false affidavits as to the pretended service upon Furlong's attorney, Eschweiler, and the clerk of the court, A. W. Hill, of a notice of appeal to this court, April 25, 1896, from the Furlong judgment, on a motion to set aside the execution issued thereon July 29, 1896; and also falsely pretending that Exhibit E, found in the clerk's office among the papers in that case after the day and year last named, was the notice of appeal he served on A. W. Hill April 25, 1896. The important question is whether such findings of the trial court are sustained by a clear preponderance of satisfactory evidence.

Eschweiler, as a witness, flatly denies that any notice of appeal, or copy thereof, from the Furlong judgment, was

ever served upon him personally April 25, 1896, or at any time prior to the issue of such execution; and that no notice of appeal from that judgment, during that time, ever came to his observation in his office or elsewhere. The clerk of the court, A. W. Hill, as a witness, denies that any notice of appeal from that judgment was ever served upon him April 25, 1896, or at any time prior to September 18, 1896; but states that Exhibit E was found among the papers in his office some time prior to September 18, 1896. Six deputy clerks were sworn as witnesses in this case, and stated the customary manner of receiving and filing papers in the clerk's office, and the entries of such filings in a book kept for that purpose, and that no such entry was made as to Exhibit E; and none of them had any recollection of that paper having been brought to the clerk's office, and none of them had any recollection of ever having seen that paper until their attention was called to it by Eschweiler some time after July, 1896. But it is claimed that it does not conclusively appear that a copy of the notice of appeal was not served on Eschweiler by the defendant herein, April 25, 1896, especially by leaving such copy in his office during his absence, in the manner prescribed by statute. Sec. 2820, Stats. 1898. So it is claimed that it does not appear conclusively that Exhibit E was not delivered by the defendant herein to some one of the deputy clerks present in the clerk's office April 25, 1896, and that, if he did, the service on the clerk was sufficient under the ruling of this court. *In re Will of Madden*, 104 Wis. 61, 63. It is claimed that such testimony of the clerk and his deputies is negative in its character. But the defendant's testimony in that regard is also negative to the extent of saying that he does not know to which of the clerks he delivered such notice, Exhibit E; that he could not say that the person to whom he delivered it was one of the deputies, nor who it was. It stands admitted that *Keefe* was, prior to September 19, 1896, quite often in the clerk's

Flanders and others vs. Keefe.

office, and usually called for and examined the papers in the Furlong case. Exhibit E is in the record before us, and the written portion is conceded to be in the handwriting of the defendant, and it certainly has a suspicious appearance. It bears upon its face evidence that it had been stamped, but, as stated by one of the deputy clerks, such stamped file mark had been rubbed and blurred, so that the month was entirely obliterated. Its worn and soiled condition is such as to readily attract attention, and to justify the respective clerks in testifying that such stamped file mark had not been put there by them, and that they had never seen the paper until after July, 1896, as stated.

The most serious difficulty with the contention on the part of this defendant is the inconsistent and contradictory statements of the defendant under oath. In his affidavit of August 1, 1896, he stated, in effect, that on or about April 25, 1896, proceedings were had whereby the action was appealed to this court; that notice was given to Eschweiler that the action *would be appealed;* and that the appeal was duly perfected, and all necessary steps taken. The order to show cause was based upon that affidavit, and yet it is manifest that it failed to state the facts requisite for the taking of the appeal. The substance of his two affidavits of August 29, 1896, is given in the statement of facts. In one of them he states that he personally served the notice of appeal on Eschweiler by leaving a copy of the same in his office April 25, 1896; and in the other he states that he personally served the same on Eschweiler in his office April 25, 1896, by then and there delivering to him and leaving with him a copy of the notice of appeal and a copy of the undertaking. As a witness in his own behalf, the defendant testified in this action to the effect that April 25, 1896, he served a copy of the notice of appeal and two bonds on Eschweiler in the office of the clerk of the court by laying them on the desk and saying, "Here is the notice and bonds; accept them;" that

Eschweiler's back was towards him at the time, and, that he left the office with the papers remaining there on the desk; that the defendant then picked up the papers, and subsequently went to Eschweiler's office, which he found with the door open, and no one in; that he placed the notice on Eschweiler's desk, which was closed; that he did not remember what kind of a desk it was. In one of his affidavits of August 29, 1896, he swore, as indicated in the statement of facts, that April 25, 1896, he served the notice of appeal upon the clerk of the court, A. W. Hill, whereas in his testimony in this case he does not pretend to know to whom he delivered such notice, or even that the person to whom he delivered it was a clerk or a deputy clerk. The defendant was admitted to the bar in 1894, and was fifty-two years of age at the time of the trial. He states that such appeal was the first he ever undertook to take. It is apparent that when he made the affidavits of August 1, 1896, he did not know what was essential to the taking of an appeal. On this trial he testified to the effect that the disagreement between himself and Eschweiler was so intense that he employed Estabrook to make the bill of exceptions and to attend to the whole matter and perfect the appeal; that Estabrook had a motion in court, and had to go away, and so finally said to him: " Everything is all done that is needed to be done. All you have to do is to file your notice of appeal and bond; that is all; " and that everything else was done; that from such statement he got the notion that everything was all right, and so forgot to make the affidavit of service; that he got such impression April 25, 1896. It is evident that the defendant herein relied more upon what Estabrook thus told him to do in order to perfect the appeal than he did upon any knowledge he then possessed as to the statutory requirements essential to perfect an appeal. Such want of knowledge so continued until after the issuing of the execution and down to within a few days of the hearing

of the motion, and the numerous inconsistent and contra-dictory statements under oath in respect to the pretended service of the notice of appeal, and the suspicious and muti-lated condition of the notice of appeal, Exhibit E, filled out in the handwriting of the defendant, and not found among the papers in the case in the clerk's office until more than three months after it is claimed it was served, leads to the conclusion that no substantial reliance can be placed upon the defendant's evidence.

Without going further into details, we must hold that the findings of the trial court are sustained by the clear prepon-derance of satisfactory evidence.

*By the Court.*— The order and judgment of the circuit court are affirmed.