Koch, Respondent, vs. Hustis and another, Appellants.

*March 20 — April 9, 1901.*

*Appeal: Notice: Service: Erasures: Presumptions.*

1. The record must affirmatively show service of the notice of appeal to the supreme court on the respondent or his attorneys and the clerk of the proper court, or the court will decline to assume jurisdiction and dismiss the appeal.

2. A notice of appeal was indorsed in typewritten words " Services admitted, May ——, 1900." Underneath the names of respondent's attorneys had been written, and the words, " Plaintiff's Attorneys" and "Clerk of Said Court," typewritten. Through all of such words and figures a pen had been drawn, and over all the filing stamp of the clerk of the county court had been placed. *Held*, that the supreme court could not presume, in the absence of any date, that the erasures were made after service, or that service was in fact made.

3. While the fact that a notice of appeal was filed with the clerk, and had been returned by him with the record, may raise a presumption of service upon him, it does not aid a failure of proof of service on respondent or his attorneys.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Appeal dismissed.*

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

For the respondent there was a brief by *Sanborn, Luse, Powell & Ellis,* and oral argument by *A. L. Sanborn.*

BARDEEN, J.   The record in this case fails to show that the notice of appeal was ever served upon the respondent's attorneys.   On the back of the notice there appears to have been typewritten the words, " Services admitted, May ——, 1900." Underneath, in writing, are the names of Malone & Bachhuber, who were plaintiff's attorneys in the court below. Immediately below are the typewritten words, " Plaintiff's Attorneys," and " Clerk of Said Court." A pen has been

Koch vs. Hustis and another.

drawn through each of the words and figures above quoted, and over all is the filing stamp of the clerk of Dodge county court. When or by whom these erasures were made we are unable to say. No explanation has been offered, and we have only the bare facts above recited for our guidance. If the admission of service had been dated, it might be presumed that such erasures were made after service. As it is, no such presumption can arise. So far as service of the notice of appeal upon the attorneys is concerned, it cannot be allowed to rest upon presumption. The record must affirmatively show that such service has been made, or this court will decline to consider the appeal. Such was the rule announced in *Eaton v. Manitowoc Co.* 42 Wis. 317, and which has been adhered to ever since. It is the *fact* of service that gives this court jurisdiction to proceed. Unless proof of such fact affirmatively appears, we must assume that jurisdiction has not been obtained, and dismiss the appeal. In *Yates v. Shepardson*, 37 Wis. 315, the record was sent to this court on the strength of a stipulation signed by the attorneys of the respective parties, each admitting service of a notice of appeal. No proof of service on the clerk appeared in the record, and the appeal was dismissed. The plain object of the requirement is to prevent the court being imposed upon or being called upon to consider moot cases. There is not, however, the remotest suspicion that anything of this kind exists in this case. We are unable to imagine any explanation of the circumstances. The cold fact appears that the record fails to show service of the notice of appeal upon the adverse party, and we cannot indulge in inferences or deductions to supply the record. The fact that the notice of appeal was filed with, and has been returned by, the clerk with the record may be deemed a sufficient service on him, under the rule established in the case of *Mackin v. Madden*, 104 Wis. 61; but this does not help out the imperfection mentioned.

*By the Court.*— The appeal is dismissed.