The State ex rel. Kaltenbach, Appellant, vs. Shiel, Respondent.

*April 3—April 22, 1902.*

*Justices' courts: Jurisdiction: Replevin: "Filing" of affidavit.*

An affidavit for a warrant of replevin was sworn to before a justice and was present when he issued the warrant, but was taken away by the officer serving the warrant, and returned with the warrant two or three days later, and was then indorsed by the justice as having been filed on the day it was made. The docket entries of the justice referred to the affidavit as a pleading so filed pursuant to statute. *Held*, that the affidavit was filed with the justice when it was first made, and he did not lose jurisdiction by his failure to retain it in his office and to indorse it at that time.

Appeal from a judgment of the municipal court of Racine county: D. H. Flett, Judge. *Affirmed.*

For the appellant there was a brief by *Heck & Krenzke,* and oral argument by *Charles Krenzke.*

For the respondent the cause was submitted on the brief of *Cooper, Simmons, Nelson & Walker.*

Cassoday, C. J. Upon the verified petition of the relator, an alternative writ of *mandamus* was issued by the trial court, requiring the defendant, as justice of the peace, to amend the record of his court in an action of replevin wherein Mrs. John Kaltenbach was plaintiff, and the petitioner, *Peter Kaltenbach,* was defendant, by stating the time of filing the affidavit and the return and the filing of the warrant according to the facts stated in the petition, or show cause to the contrary on a day named. The defendant made return to the alternative writ, to the effect that at the time of issuing the writ of replevin by him, March 7, 1901, there was on file in his office the necessary and proper affidavit, properly executed and sworn to, and filed in his office as required by law,

authorizing and empowering him to issue the writ, before he issued the same; that such writ of replevin was issued in due course thereafter, and delivered to the proper officer to serve the same, and who returned the same to the defendant, as such justice, March 9, 1901, and which writ was on that day indorsed "Filed" as of March 7, 1901,—but specifically denies all the statements contained in such alternative writ, except as therein admitted.

No question is made but that the affidavit for the writ of replevin was substantially in the form required by the statute. Sec. 3733, Stats. 1898. It purports to have been subscribed and sworn to before the defendant, as justice, March 7, 1901. The record of the defendant shows the same thing. The warrant purports to have been issued by the defendant as justice of the peace on the same day, and made returnable March 11, 1901, at 9 o'clock a. m. It is undisputed, upon the evidence given upon the trial, however, that, while the affidavit for the writ of replevin was sworn to before the defendant, and was present when he issued the warrant, yet that it was taken away by the officer who served the warrant, and was absent from the defendant's office until the warrant was returned, on the 9th or 10th of March, 1901, and was then, with the warrant, indorsed as having been filed March 7, 1901. Did the defendant, as justice of the peace, lose jurisdiction by such failure to retain the affidavit in his office and indorse it as filed when he first received it? We think not. The affidavit must be regarded as having been filed with the defendant when it was first made and the warrant issued thereon, as mentioned. This has repeatedly been held as to the filing of chattel mortgages and claims for liens in the office of the clerk. *Smith v. Waggoner,* 50 Wis. 155, 6 N. W. 568; *Marlet v. Hinman,* 77 Wis. 140, 45 N. W. 953; *Goodman v. Baerlocher,* 88 Wis. 287, 60 N. W. 415; *Bailey v. Costello,* 94 Wis. 91, 68 N. W. 663. The same is true in regard to notice of appeal to this court, served upon or deliv-

ered to the clerk of the trial court for the purpose of comply-
ing with the statute. *In re Madden's Will,* 104 Wis. 63, 80
N. W. 100; *Willey v. Clark,* 105 Wis. 22, 80 N. W. 102;
*Flanders v. Keefe,* 108 Wis. 448, 84 N. W. 878. See *Koch
v. Hustis,* 110 Wis. 62, 85 N. W. 643. The petition shows
that the officer serving the warrant took possession of the
goods described therein, as directed in the warrant, March 7,
1901. The statute made the affidavit for the writ of replevin
the complaint in the action. Sec. 3739, Stats. 1898. The
docket entries of the defendant as justice show a brief state-
ment of the nature of and reference to the affidavit as a plead-
ing so filed, as required by the statute. Subd. 4, sec. 3574,
Stats. 1898. The record of the defendant as justice of the
peace substantially complies with the statutes, as shown by
the undisputed evidence as well as the return to the alterna-
tive writ and the findings of the court.

*By the Court.*—The judgment of the municipal court of
Racine county, dismissing the alternative writ of *mandamus,*
with costs against the petitioner, is affirmed.