THE INTER-OCEAN TRANSPORTATION COMPANY vs. SHERIFFS and others.

*January 11 — February 7, 1882.*

*Contract for construction of machinery, &c., construed: Duty of reasonable diligence.*

By written contract, S. agreed to furnish the material and construct and set up in plaintiff's steam barge, then in construction, an engine and other machinery according to certain specifications, "the whole work to be completed, set up in barge, and ready for trial trip *(if vessel shall be ready* for same), by the first day of April, 1880." He further expressly agreed that if the barge should be ready and he should fail to so complete and set up said machinery by the first of April, he would pay

such damages as plaintiff might suffer from such failure.   In consideration of this undertaking, plaintiff agreed to pay a certain sum at the time of the execution of the contract, to make other payments at specified dates, and to pay the balance on full performance of the contract by S.   *Held*, that if plaintiff failed to have its barge ready in season to enable S., with reasonable diligence, to have the machinery set up therein by the first of April, the latter was still bound to have it so set up within a reasonable time after the barge should in fact be finished; and would be liable to plaintiff for damages caused by his failure to do so.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff appealed from an order sustaining a joint demurrer by the defendants to the complaint as not stating facts sufficient to constitute a cause of action.   The substance of the complaint will sufficiently appear from the opinion.

For the appellant there was a brief by *David S. Ordway*, of counsel, and oral argument by *H. M. Finch.*

For the respondents there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Jenkins.*   They contended that by the contract plaintiff undertook to have the barge ready for its machinery a reasonable time before the 1st of April, 1880, to enable *Sheriffs* to place the machinery therein by that time; and that, upon this condition, defendants agreed to perform the work by that date, and to pay all resulting damages in case of their failure to do so.   The latter obligation was dependent on the former.   When a time is specified in a contract, the courts are not at liberty to attach other conditions, or any other time.   *Kemp v. Humphreys*, 13 Ill., 593; *Abel v. Munson*, 18 Mich., 306.   It is only when the contract is silent as to time, that courts hold that a reasonable time is to be understood.   Plaintiff having made default upon its contract on April 1st, *Sheriffs* could have lawfully refused to proceed, and have recovered for the work done.   He however proceeded notwithstanding plaintiff's default.   Such procedure was upon a *new* contract, for an extension of time; and any action by plaintiff must be upon such new contract, and allege breaches thereof.   *Warren v. Bean*, 6 Wis., 120;

*Langworthy v. Smith*, 2 Wend., 587; *Porter v. Stewart*, 2 Aikens (Vt.), 417; *Vicary v. Moore*, 3 Watts, 451; *Carrier v. Dilworth*, 59 Pa. St., 406; *Littler v. Holland,* 3 Term, 590; *Brown v. Goodman*, id., 592. Such new contract certainly released the bond given to secure the old contract, broken by the plaintiff. The liability of the sureties on that bond was *strictissimi juris*, and could not be extended by implication. *Taylor v. Parker*, 43 Wis., 78. Again, the complaint concedes that plaintiff permitted *Sheriffs* to go on with the work after the expiration of the alleged reasonable time, and accepted the work without claiming, at the time, any damages for delay, and without notification to *Sheriffs* that plaintiff would hold him for such damages. Under such circumstances, inducing *Sheriffs* to continue the work, and unconditionally accepting his work, constituted a waiver of his delay. *Pomeroy v. Shaw*, 2 Daly, 267; *Merrimack Man. Co. v. Quintard*, 107 Mass., 127; *Baker v. Henderson*, 24 Wis., 511.

Cole, C. J. It seems to us a plain proposition that the complaint states facts which entitle the plaintiff to recover some damages. The action is upon a bond executed by the defendant *Sheriffs* as principal, and by the other defendants as sureties. The bond is conditioned that *Sheriffs* shall, without delay, well carry out and fulfill a contract thereto attached, of even date with the bond, which is signed by him. By this contract *Sheriffs* agreed to furnish the material, and construct and set up in the plaintiff's steam-barge, then in process of construction, an engine, boiler and other machinery, according to the specifications therein stated; the whole work " to be completed, set up in barge, and ready for trial trip (if vessel shall be ready for same) by the 1st day of April, A. D. 1880." It is alleged that the barge was not in readiness long enough before the 1st day of April, 1880, so that *Sheriffs* could complete his contract by that day, but that it was ready so that he might easily have completed it by the 1st of May, which

was a reasonable time for him to perform his contract after the barge was ready.    It is then averred that he failed and neglected to have the barge ready for her trial trip before the 7th of August, 1880, which was an unreasonable delay, in consequence of which the plaintiff lost the use of the barge from the 1st of May to the 7th of August, and sustained damages thereby to the amount of $13,000.

Other breaches of the bond are stated, but it seems to us these facts alone are sufficient to sustain a claim for damages by reason of a failure to perform the contract.    That is to say, by the contract, as we construe its provisions, *Sheriffs* bound himself to complete the work to be done by him, by the 1st day of April, providing the plaintiff had the barge ready in season to enable him to do the work by that day; and if the barge was not ready so that he could do the work by that day, then he was to have a reasonable time for doing it after it was in readiness to receive the machinery. This, we think, is the proper construction of the contract.    But it is claimed by the learned counsel for the defendants, that the time for completing the work was absolutely fixed by the parties; and if the barge was not ready for the machinery a reasonable period before the 1st day of April, to enable *Sheriffs* to place the machinery by that time, that then he was released from performing the contract on his part.    But we deem this construction of the contract quite inadmissible, for reasons suggested by plaintiff's counsel.

In the first place, there is an absolute undertaking on the part of *Sheriffs* to furnish all the material, and construct and set up in the barge in the process of construction all the engines, boilers and other machinery, ready in all respects for use.    In consideration of this undertaking the plaintiff agreed to make payments from time to time, amounting on the 1st of March to $17,000.    The residue of the contract price, to wit, $5,500, was to be paid when the contract was fully performed. These payments were independent agreements, and *Sheriffs* could insist upon their being made as specified whether he had

put any machinery in the vessel or not; and it would be unreasonable to hold that *Sheriffs* might receive all this money and then abandon the contract if the vessel was not ready so that he could complete his work by the 1st of April. There was probably an uncertainty as to when the vessel would be ready to receive the machinery, and the parties must be presumed to have made the contract with reference to that fact. This will account for the peculiar language of the clause above cited, to the effect that if the barge was ready *Sheriffs* should complete his work by the 1st of April. In the event the barge was not ready in season so that he could perform his contract by that time, then he was to do the work within a reasonable time after it was ready. Counsel say that it is only when the contract is silent as to time of performance that performance within a reasonable time, considering the extent and nature of the work, is implied in law; but they say that rule cannot apply here, where the time is actually specified.

This argument is founded on the clause which we have quoted, and another clause which provides that in case the barge shall be ready and *Sheriffs* shall fail to complete and set up the machinery therein ready for use by the 1st day of April, then he should pay such damages to the plaintiff as it might sustain by reason of such failure. From these clauses it is argued that because *Sheriffs* expressly made himself liable for damages arising from his failure to perform by the 1st of April, providing the barge was seasonably ready to receive her machinery prior to that date, this clearly repels the inference of further liability for any other default. And as it is averred that the barge was not ready long enough before the 1st of April so that *Sheriffs* could have completed his contract by that day, therefore he is not responsible for failure to do the work within a reasonable time after it was ready. But we do not think this position is sound. We agree with plaintiff's counsel that the clause in question was not intended to relieve *Sheriffs* from liability if he failed to perform. It refers to one

contingency only — a failure to perform by the 1st of April, providing the barge was ready so that he could do the work by that date.    But it was not intended to limit his liability in the event he failed to perform within a reasonable time, if the barge was not ready so that he could do the work by that day. The clause must be limited to the particular engagements to which it refers, and should not be extended so as to exonerate *Sheriffs* from his general liability on the contract.    As a matter of course, the plaintiff could not unreasonably delay getting the barge ready to receive the boiler and machinery, and then call upon *Sheriffs* to perform.    It was bound to use diligence on its part in preparing the barge, as he was in putting in the machinery after it was ready.    Their duties were reciprocal in that regard under the contract.

It is unnecessary to observe that the plaintiff could not maintain a claim for damages for a failure to complete the work which was occasioned by its own default.    But we are not called upon to consider the rule of damages now.    We have only to determine whether the complaint states facts, which, being proven, would entitle the plaintiff to recover any damages.    And upon that point we are clear that a cause of action is stated.    This is certainly so, unless we can say that *Sheriffs*, under the contract, might decline or refuse to do the work at all if the barge was not ready in time so that he could place the machinery therein by the 1st of April.    But for the reasons already stated we think this could not have been the intention of the parties, and that the contract should not be so construed.    Without noticing any other question in the case, we must reverse the order of the circuit court sustaining the demurrer, and remand the cause for further proceedings.

*By the Court.* — So ordered.