# CASES DETERMINED

## AT THE

# August Term, 1903.

LANG, Respondent, vs. MENASHA PAPER COMPANY, Appellant.

*March 26—September 8, 1903.*

*Mechanics' liens: Filing of claim: Duty of clerk: Payment of fees: Contracts: Reasonable time for performance.*

1. A claim for a mechanic's lien is "filed," in legal contemplation, when presented to the clerk to be filed, and retained by him as such clerk.

2. Although the clerk may, under sec. 748, Stats. 1898, require his fees for filing such claim to be paid in advance, if such payment is not made nor requested when the claim is presented for filing it is his duty, nevertheless, to place his file mark upon the claim and docket it; and his failure to perform that duty will not prevent the filing from being effectual.

3. Where a building contract fixes no time for the completion of the work, a reasonable time is to be regarded as being within the contemplation of the parties; and what is a reasonable time depends upon all the circumstances of the particular case.

APPEAL from a judgment of the circuit court for Gates county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was commenced May 27, 1902, to enforce a lien for labor and materials furnished to the defendant in the excavation for, and construction of, the foundation walls and foundation for a pulp mill, between October 16, 1901, and March 1, 1902, pursuant to an express contract in writing

made by the plaintiff and the secretary of the defendant, October 16, 1901, as follows: "October 16, 1901. It is agreed between *R. A. Lang* and M. H. Ballou that *R. A. Lang* build a foundation according to plans submitted, including floors for pit, for the sum of $8,000. [Signed] R. A. LANG. M. H. BALLOU"—which agreement was subsequently modified by parol, whereby the plaintiff undertook and agreed, in consideration of an additional payment of $500, to excavate one foot deeper than shown by such plans, and to add one foot to such foundation walls. The complaint alleges the making of such contract; that no part thereof had been paid, except $3,500; that there was still due the plaintiff thereon $5,000, with interest from March 1, 1902; and that the plaintiff's claim therefor had been filed with the clerk of the circuit court May 23, 1902.

The defendant answered to the effect that the plaintiff ought reasonably to have completed the work on or before December 15, 1901; that the plaintiff failed and neglected to perform the contract with all reasonable dispatch, and did not complete it until March 1, 1902, to the defendant's great damage; and alleges such failure and neglect by way of counterclaim, and alleges that its expenses and loss in consequence thereof was at least $84 per day, amounting, in all, to $5,208, and asked that the same be offset as a counterclaim against any sum due from the defendant to the plaintiff on the contract, and for judgment in its favor for the balance.

The plaintiff replied to such counterclaim, and alleges, among other things, in effect, that there was no provision in the contract as to when it should be completed; that the plaintiff commenced the performance of the work immediately after the contract was made; that such work was prosecuted with all reasonable diligence, and completed within a reasonable time; that defendant made payments on such contracts from time to time with full knowledge of all the facts and the progress being made, and on completion ac-

. cepted the same and has ever since used the same for the pur-
poses for which it was erected; that on or about January 1,
1902, the defendant refused to make further advances or pay
for the work then completed, and then for the first time
claimed that the work was not being prosecuted as rapidly
as desirable, and claimed damages on account of the delay;
that the plaintiff replied that such failure to make advances
and payments as agreed would necessarily delay completion
of the work; that the plaintiff informed the defendant that
he would only perform with the express understanding and
agreement that full contract price would be paid for perform-
ance, without any deduction for pretended damages by rea-
son of delay; that the defendant thereupon directed the
plaintiff to proceed with the work, and thereafter made pay-
ments; and the plaintiff claimed that, by reason of the facts
alleged, the defendant was estopped from claiming damages
by reason of such delay.

At the close of the trial the court found, in effect, (1) that
all the allegations of the complaint were true; (2) that Oc-
tober 16, 1901, the parties entered into the written contract
mentioned: (3) that the contract was subsequently modified,
as stated; (4) that the plaintiff fully performed all the con-
ditions of such agreements; that by reason of the peculiar
conditions of the soil necessary to be handled in the excava-
tion of such additional foot, the plaintiff was unable to com-
plete such work within the time in which both parties ex-
pected that the work would be completed at the time of mak-
ing the original contract; (5) that prior to January 1, 1902,
the defendant made claim against the plaintiff for damages
because of such delay; that on that day the plaintiff notified
the defendant that if he proceeded further with the perform-
ance of the contract, it would be with the understanding and
agreement that no claim for damages should be made; that
thereafter the defendant continued to direct the plaintiff to
prosecute such work as vigorously as possible, and thereafter,

and on January 30, 1902, paid to the plaintiff on the con-
tract $2,000; (6) that the plaintiff performed the contracts
and completed the same within a reasonable time from the
making thereof; (7) that May 22, 1902, the plaintiff duly
filed his claim for lien with the clerk of the circuit court;
that the same was not docketed until June 21, 1902; that the
fees of the clerk were paid by the plaintiff before the trial of
this action; that no demand was made therefor by the clerk;
(8) that the first work done and materials furnished under
the terms of the contract by the plaintiff was October 23,
1901, and that the date of the last charge for such work,
labor, and materials was March 5, 1902; (9) that the de-
fendant paid to the. plaintiff on the contracts $3,500, as
stated, and there still remains due and unpaid thereon
$5,000, with interest thereon from March 5, 1902, and that
the same is a lien on the premises mentioned; (10) that the
premises described belong to the defendant, and are not with-
in the limits of any incorporated village or city, and do not
exceed forty acres of land; (11) that the allegation in the
counterclaim that the plaintiff did not push and prosecute the
work in the contracts, as agreed, is untrue; (12) that the al-
legation in the counterclaim that the work could reasonably
have been completed on or before December 15, 1901, is un-
true; (13) that the allegations in the counterclaim to the
effect that the defendant sustained damage because of failure
on the part of the plaintiff to complete his contracts within a
reasonable time is untrue; (14) that the allegations in the
reply to the counterclaim are true.

And as conclusions of law the court found, in effect, that
the defendant is not entitled to set off as against the contract
price for the work and labor performed and materials fur-
nished by the plaintiff any sum on account of any damages
claimed by reason of the facts set forth in the counterclaim;
that the plaintiff is entitled to recover of the defendant
$5,000, with interest thereon from March 5, 1902, amount-

ing, in the aggregate, to $5,104.17, with costs and disburse-ments to be taxed, and a judgment directing that the interest of the defendant in the premises described at the time of the commencement of said work and the furnishing of said materials, to wit, October 16, 1901, or any person claiming under it since that time, or so much thereof as should be necessary, be sold to satisfy the amount of such lien and costs. From the judgment entered thereon accordingly the defendant appeals.

*Silas Bullard,* for the appellant.

For the respondent there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

CASSODAY, C. J. It is claimed that the plaintiff is not entitled to a judgment for a lien in this action, for the reason that he failed to file his claim for a lien, as prescribed by the statute, until after the commencement of the action. Sec. 3321, Stats. 1898. That section authorizes "any person having" filed a claim as prescribed by the previous sections to "foreclose the same by action." Such filing of the claim is manifestly a condition precedent to the right to commence such foreclosure action. This is virtually conceded by counsel for the plaintiff. It is claimed, however, that it was so filed before the commencement of this action. It appears and is undisputed that a claim in due form, as required by the statute, duly signed by the attorneys for the plaintiff and petitioner, was sent to the clerk of the circuit court, with direction to file the same and send his bill therefor to such attorneys; that May 22, 1902, the clerk received such claim, and acknowledged the receipt thereof, as requested, by letter addressed to such attorneys, dated on the day and year last mentioned, and stating therein, in effect, that such "claim for a lien in favor of *Robert A. Lang v. Menasha Paper Company*" had been "duly received for filing," and that the fee therefor was thirty-five cents; that the clerk made no demand

for the payment of such fees, and the same were not paid
until June 21, 1902; that such claim for a lien remained in
the office of the clerk from May 22, 1902, to the trial of the
cause, July 10, 1902, but was not docketed by the clerk until
June 21, 1902. The statute requires the clerk to docket
"each claim for lien filed with him immediately upon its fil-
ing." Sec. 3319, Stats. 1898. In the language of our late
Brother PINNEY:·

"The statute provides for both *filing* and docketing the
claim, and these are entirely different things. The law re-
quires the *party* to file his claim for a lien, and the *clerk* is
to docket it." *Goodman v. Baerlocher,* 88 Wis. 298, 60
N. W. 418.

Here the plaintiff delivered his claim to the clerk to be
filed in his office. It was for the clerk to put his file mark
upon it and to make the docket entries. Neither of these
things could be done by the plaintiff, and the improper fail-
ure of the clerk to do them did not prevent the filing from
being effectual. Id.; *Bailey v. Costello,* 94 Wis. 87, 91, 68
N. W. 663; *State ex rel. Kaltenbach v. Shiel,* 114 Wis. 255,
90 N. W. 112, and cases there cited. In legal contemplation,
the claim was filed when it was presented to the clerk to be
filed, and retained by him as such clerk. Id. True, the stat-
ute authorized the clerk to "require his fees" for filing such
claim "to be paid in advance." Sec. 748, Stats. 1898. But
he made no such requirement; and, in the absence of such
requirement, his duty was to put his file mark upon the claim
and docket the same. We must hold that the claim was filed
May 22, 1902, within the meaning of the statutes.

2. It is conceded that the time for the performance of the
contracts on the part of the plaintiff was not fixed or men-
tioned therein, but was left open and indefinite. It is well
settled that when no time is mentioned in an agreement for
the performance thereof, a reasonable time is to be regarded
as being within the contemplation of the parties. *Waterman*

*v. Dutton,* 6 Wis. 265; *Nudd v. Wells,* 11 Wis. 407; *Inter-Ocean T. Co. v. Sheriffs,* 54 Wis. 202, 11 N. W. 480; *Boyington v. Sweeney,* 77 Wis. 55, 65, 45 N. W. 938, 941, and cases there cited. As stated by Mr. Justice TAYLOR in the case last cited: "What will in the particular case be a reasonable time depends upon the nature of the act to be done, the nature of the contract, and all the circumstances relating to the same;" in other words, it is largely a question of fact. The facts found by the trial court in the case at bar are amply supported by the evidence, and they fully justify the conclusions reached by that court.

*By the Court.*—The judgment of the circuit court is affirmed.

SIEBECKER, J., took no part.