HART and wife, Respondents, vs. Jos. SCHLITZ BREWING COMPANY, imp., Appellant.

*February 2—February 23, 1904.*

*Appeal and error: Respondent's exceptions, when available: Filing of records: Mortgages: Foreclosure: Judgment, when entered: Modification: Effect.*

1. A respondent may avail himself of his exceptions to findings to sustain the judgment appealed from.
2. In an action to set aside a foreclosure sale, it appeared that the judgment on default was signed by the trial court, and the costs taxed and inserted therein January 14, 1896; that the judgment roll with the costs so taxed inserted, was, on that day, handed to the clerk, who retained them in his office until October 25, 1897, at which date the clerk indorsed such judgment as filed, and entered the same of record. *Held,* that the mere improper failure of the clerk to mark the papers as filed on January 14, did not prevent the actual filing at that date from being effectual.
3. In an action to set aside a foreclosure sale it appeared, among other things, that the judgment on default was entered January 14, 1896; that on October 13, 1897, on the plaintiff's application, an order was entered reducing the amount of solicitors fees from $100 to $50, so as to conform to the findings as originally drawn; that the sale thereunder was had April 8, 1898, and that the mortgagors took no steps to set aside the sale until December 5, 1900. *Held,* that such alteration of the judgment did not make a new judgment, nor extend the time for redeeming from the judgment which had originally been entered.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

It appears from the record, and is in effect found by the court, that September 10, 1894, the plaintiffs, *Michael J.* and *Bridget Hart,* executed and delivered to the *Jos. Schlitz Brewing Company* their promissory note for $500, due in one year from that date, with interest at six per cent.; that at the same time the plaintiffs executed and delivered to that company a mortgage to secure the payment of that note on

land described belonging to the plaintiff *Michael J.*, and at the same time they executed and delivered to that company another mortgage to secure the payment of the same note on land described belonging to the plaintiff *Bridget;* that each of said mortgages contained a stipulation for the payment of $50 solicitor's fees in case of the foreclosure of the mortgage; that in November, 1895, the brewing company commenced an action for the foreclosure of both mortgages against *Michael J.* and *Bridget Hart;* that both made default, and neither appeared in the action; that January 14, 1896, judgment of foreclosure and sale was procured in the court, and signed by the judge thereof, wherein it was adjudged that there was due to the brewing company, for principal and interest, $540, and costs therein specified, in a bill taxed and signed by the clerk and thereto attached, aggregating $82.58, and also $100 solicitor's fees inserted in the judgment, making in all $722.58; that such signature in the judgment roll and papers upon which the same was founded, with the costs so taxed inserted, was procured by the attorney of the brewing company January 14, 1896, and handed to the clerk of the court for entry and record, and the judge, at the time of signing such judgment, minuted the rendition thereof in his minutes; that on and before September 14, 1896, said *Michael J.* had knowledge of the entry of said judgment of foreclosure and sale; that October 13, 1897, an order was entered in said court reducing the amount of solicitor's fees from $100 to $50, and amending the judgment accordingly, so that the total amount of the judgment, January 14, 1896, was thereby reduced to $672.58; that the clerk of the court retained the judgment roll and papers in his office from January 14, 1896, to October 25, 1897, without indorsing the same as filed; that on said last-mentioned date the clerk indorsed said judgment as filed, and entered the same of record; that, pursuant to due notice given, all of the property covered by said mortgages was sold in good faith, and with-

out any intent to defraud, in parcels to and bid in by the brewing company under and upon said judgment, April 8, 1898; that upon such sale the sheriff reported a deficiency of $381.01, and the same was confirmed by the court June 3, 1898, and judgment for such deficiency was thereupon rendered for the amount stated against *Michael J.* and *Bridget Hart,* and in favor of the brewing company; that *Michael J.* had knowledge of such sale prior to June 1, 1898; that after he obtained such knowledge the brewing company in good faith contracted to sell such lands to the defendant Rock Le Ville for $650; that the value of the property at the time of the foreclosure sale was $750; that the plaintiffs took no steps to set aside said foreclosure sale until December 5, 1900, when they commenced this action to set aside said judgment of foreclosure and sale so far as it affected the separate property of the plaintiff *Bridget,* and to set aside the sale and the order confirming the same. The brewing company answered the facts set forth above, and, upon trial being had, the court found the facts in effect as stated. As conclusions of law the court found in effect that the plaintiffs were entitled to no relief, except that the foreclosure sale of April 8, 1898, was within one year from the entry of the judgment, and hence premature, and therefore should be set aside. From the judgment entered thereon accordingly, the defendant *Jos. Schlitz Brewing Company* brings this appeal.

For the appellant there was a brief by *R. Sleight,* attorney, and *Miller, Noyes & Miller,* of counsel, and oral argument by *Geo. H. Noyes.*

For the respondents there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

CASSODAY, C. J. The findings of fact are against the plaintiffs, and in favor of the brewing company. The plaintiffs seek to avail themselves of exceptions to certain of such findings to sustain the judgment—a practice which is per-

missible. Sec. 3070, Stats. 1898, and notes. They claim
that it appears from the preponderance of the evidence that
the judgment of foreclosure and sale was not entered Janu-
ary 14, 1896, nor until it was marked as filed by the clerk
October 25, 1897. If that were so, then the sale was pre-
mature. The mere improper failure of the clerk to mark the
judgment and the papers composing the judgment roll as
filed did not prevent such filing from being effectual. *Lang
v. Menasha P. Co.* 119 Wis. 1, 96 N. W. 393, and cases there
cited. It is conceded that the judgment was signed by the
trial judge January 14, 1896, and contained the amount of
costs as taxed by the clerk at $82.58. There can be no rea-
sonable doubt but that the judgment so signed, and the pa-
pers upon which it was based, were all delivered to the clerk
at or about that time. Thereupon the duties of the clerk as
to such judgment and judgment roll were prescribed by the
statute. Sec. 742, Stats. 1898. The trial court found that
the findings in the foreclosure action, as originally drawn,
provided for only $50 solicitor's fees, and that the same was
erased and $100 inserted in place thereof, but that the evi-
dence failed to show whether such change was before or after
the rendition of the judgment, and therefore held that the
same was made prior to the rendition of the judgment. Cer-
tainly it is not to be presumed that the findings or judgment
were corruptly altered, especially as the trial court also found
that there was no fraud on the part of the brewing company
or its attorney or his clerk in the preparation of said judg-
ment, or in the entry or filing thereof, or in anything done
by them or either of them in respect to the same. The order
of October 13, 1897, reducing the amount of the solicitor's
fees from $100 to $50, was made on the application of the
brewing company. If the facts were as contended by the
plaintiffs, then such order merely made the judgment con-
form to the original findings. Did the reduction of the so-
licitor's fees in the judgment from $100 to $50, October 13,

1897, make it a new judgment within the meaning of the statute? Sec. 3162, Stats. 1898. That section provides that "the judgment shall fix the amount of the mortgage debt then due," and also any installments to become due. It also prohibits any sale "until the expiration of one year from the date of such judgment or order of sale." Id. Another section gives a right to redeem "at any time before the sale." Sec. 3165, Stats. 1898. The manifest purpose of these sections was to give all parties interested one year from the date of the judgment or order of sale within which to redeem. *Citizens L. & T. Co. v. Witte,* 119 Wis. 517, 97 N. W. 161. The language of the statute seems to have been departed from in *Andrews v. Welch,* 47 Wis. 132, 135, 136, 2 N. W. 98. That case was criticised in a later case, wherein it was held:

"If the judgment has been signed and filed with the clerk and the costs have been taxed and inserted therein, it need not be recorded before the year will begin to run." *Meehan v. Bloodgett,* 86 Wis. 511, 57 N. W. 291.

Since that decision it has been held:

"The correction of a mere clerical mistake in a judgment of foreclosure does not make a new judgment. The corrected judgment will stand as effective for all purposes as if properly entered in the first instance." *Bostwick v. Van Vleck,* 106 Wis. 387, 82 N. W. 302. See, also, *Packard v. Kinzie Ave. H. Co.* 105 Wis. 323, 81 N. W. 488.

Here the trial court, on the application of the brewing company, reduced the amount of the solicitor's fees inserted in the judgment to $50, so as to conform to the amount contained in the findings as originally drawn. We must hold that such alteration did not make a new judgment, nor extend the time for redeeming from the judgment which had thus been entered.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded, with directions to dismiss the complaint.