WILLIAMS, Respondent, vs. WILLOCK, Appellant.

*November 16—December 13, 1904.*

*Officers: Clerks of court: Fees: Action to recover.*

Where a circuit court action is dismissed for want of prosecution, the clerk of that court is entitled to recover his fees for services necessary for entry of judgment from the party for whose benefit they were rendered; although the clerk omitted to exercise the right given him by sec. 748, Stats. 1898, authorizing him to require his fees to be paid in advance for any services in the action.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *B. E. Van Keuren,* and for the respondent on that of *Williams & Williams.*

CASSODAY, C. J. It appears from the record that an action was commenced by one Zahler against this defendant in the circuit court for Winnebago county; that the venue was changed to Fond du Lac county; that the plaintiff herein was at the time the clerk of the circuit court for that county; that, when the cause was reached in its order for trial, it was, on motion of the defendant, dismissed for want of prosecution, and judgment was thereupon entered accordingly; that subsequently the plaintiff herein made out his itemized bill for clerk's fees in that action, amounting in the aggregate to $6.25, of which sum $2 was paid by Zahler for filing papers at his request. The balance of $4.25 the plaintiff requested the defendant to pay, but he refused to do so. Thereupon the plaintiff commenced this action to recover the same, before a justice of the peace, and in his complaint alleged that such services were rendered at the request of the defendant in the sum last mentioned, according to such itemized bill thereunto

annexed, with the credit for the amount paid by Zahler, as mentioned. The defendant answered to the effect that the plaintiff herein, as such clerk, did not, before the entry of judgment, require the defendant to pay such fees, and did not demand payment thereof until a short time prior to the commencement of this action, and that the defendant never agreed or promised to pay such fees or any part thereof. Upon the trial before the justice, the plaintiff herein recovered judgment for $3.75 damages, and costs. From that judgment the defendant appealed to the county court of Winnebago county, and that court, after hearing the parties, affirmed the judgment of the justice, with costs, and directed the clerk of that court to enter judgment accordingly. From the judgment so entered, the defendant brings this appeal.

The judgment so affirmed only covered items of clerk's fees prescribed by the statute. Sec. 747, Stats. 1898. That section provides that "the clerks of the several circuit courts shall be entitled to the" fees therein prescribed, "and no more." *St. Croix Co. v. Webster,* 111 Wis. 270, 87 N. W. 302. The mere fact that the plaintiff, as such clerk, did not exercise his right given by the statute to "require his fees to be paid in advance for any services" in the action, did not bar him from recovering pay for his services from the party for whose benefit they were rendered. Sec. 748, Stats. 1898. His duty to perform the services, in the absence of such requirement, continued the same as though he had been paid in advance. *Lang v. Menasha P. Co.* 119 Wis. 1, 6, 96 N. W. 393. We perceive no reason why the party for whose benefit the services were rendered should not be liable therefor. The defendant's proceedings in the action and the dismissal of the same, and the entering of judgment thereon in his favor, made it the duty of the plaintiff, as such clerk, to perform the services for which he recovered judgment.

It is claimed that there was an understanding or agreement between the plaintiff and the defendant to the effect that the

defendant should only pay the plaintiff's fees in full in case he succeeded in collecting the judgment. It is enough to say that we find no sufficient evidence in the record to establish any such agreement.

*By the Court.*—The judgment of the county court of Winnebago county is affirmed.