HAMILTON, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 249. Argued November 29, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 7.)

674

For the appellant there was a brief by *Arthur B. Nathan* of Racine and oral argument by *Duke Hamilton* of Racine, pro se.

For the respondent American Motors Corporation there was a brief by *Shaufler, Rothrock & Bauhs* of Kenosha and oral argument by *Cecil T. Rothrock.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. We believe the single broad issue to be:

Did the circuit court lack subject-matter jurisdiction under sec. 227.16 (1), Stats., to review the April 16, 1971, order of the department, which order dismissed the appellant's complaint?

If we accept the fact that the petition was not filed until June 14, 1971 (the date the clerk accepted it and placed his file mark upon it), then the order of the department was final and the court no longer could obtain jurisdiction. We believe the crucial issue to be whether under the procedural facts of this case we should deem the petition was filed within the statutory period [3] within the meaning of the statute. We are concerned as to whether the clerk of court, in a legal sense, abused his discretion by not filing the petition when it was received or at least before the appeal period expired.

The clerk of court's duties are basically set forth in secs. 59.39 and 59.395, Stats. These duties included the obligation to file all papers properly before him. However, sec. 59.43, *supra,* provides the clerk *may*

---

[3] *See* sec. 227.16 (1), Stats.

refuse to accept any paper for filing until the appropriate fees are paid. The use of the word "may" in the statute gives the clerk discretion to accept and file papers without the payment of the filing fee. The clerk may "extend credit" [4] but is not obliged to do so and when he does it is at his risk. [5]

In this case appellant received notice and a copy of the April 16, 1971, department orders on April 22d of that month. On May 17, 1971, the clerk received, by registered mail, the appellant's petition to review the April orders and $8 for filing fees. This receipt by the clerk was still five days before the expiration of the thirty-day period to perfect a review under sec. 227.16 (1), Stats. The clerk kept the petition for sixteen days, until June 1, 1971, when he wrote appellant informing him that the petition would not now be filed because the filing fee was $11. The clerk's letters appear to have been prompted by the trial court's "instructions" that this petition is a "new action" and "therefore requires" a filing fee of $11. We believe that the clerk waited an unreasonable length of time before exercising his discretion and informing the appellant. The clerk's failure to accept the petition for filing or to promptly notify the appellant resulted in the expiration of the thirty-day period and a timely filing of the petition for review.

A clerk's duties are basically ministerial, [6] but sec. 59.43, Stats., gives the clerk the discretion as to *how* he will carry out these duties. We believe the clerk did

---

[4] 53 Op. Atty. Gen. (1964), 218.

[5] It is common knowledge among lawyers and judges that many clerks "extend credit" to at least some persons filing papers.

[6] *State v. Dickson* (1972), 53 Wis. 2d 532, 193 N. W. 2d 17. In *Pacific National Fire Ins. Co. v. Irmiger* (1949), 254 Wis. 207, 36 N. W. 2d 89, this court held: ". . . the acts of the clerk of the court are ministerial and clerical, and he may not exercise judicial power except in accordance with the strict language of a statute conferring such power upon him. . . ."

not act reasonably within the power conferred upon him. It was an abuse of discretion to wait sixteen days after the petition was received and after the statutory review period had expired before notifying appellant that he [the clerk] was now refusing to file the petition. A clerk does not have unlimited discretion which when exercised would result in arbitrarily barring one's right of review.

This is not a case of a lack of diligence on the appellant's part. As the facts show, this was the fourth time the department had issued its order dealing with the same issue and was the fourth of five times appellant tried to obtain a review. The first three times the order was defective because the department erred. Throughout all of these proceedings appellant has sought an immediate review.

*Lang v. Menasha Paper Co.* (1903), 119 Wis. 1, 96 N. W. 393, is analogous in its rationale. There it was contended that the plaintiff was not entitled to a judgment for a lien because plaintiff failed to file his claim for a lien as prescribed by statute until after the commencement of the action. The court pointed out that filing such a claim was manifestly a condition precedent to the right to commence the action. The plaintiff contended that it was filed before the action was commenced. The court in *Lang* then stated at pages 5 and 6:

". . . It appears and is undisputed that a claim in due form, as required by the statute, duly signed by the attorneys for the plaintiff and petitioner, was sent to the clerk of the circuit court, with direction to file the same and send his bill therefor to such attorneys; that May 22, 1902, the clerk received such claim, and acknowledged the receipt thereof, as requested, by letter addressed to such attorneys, dated on the day and year last mentioned, and stating therein, in effect, that such 'claim for a lien in favor of *Robert A. Lang v. Menasha Paper Company*' had been 'duly received for filing,' and

that the fee therefor was thirty-five cents; that the clerk made no demand for the payment of such fees, and the same were not paid until June 21, 1902; that such claim for a lien remained in the office of the clerk from May 22, 1902, to the trial of the cause, July 10, 1902, but was not docketed by the clerk until June 21, 1902. . . ."

The court then held the filing to be effective, saying at page 6:

"Here the plaintiff delivered his claim to the clerk to be filed in his office. It was for the clerk to put his file mark upon it and to make the docket entries. Neither of these things could be done by the plaintiff, and the improper failure of the clerk to do them did not prevent the filing from being effectual. Id.: *Bailey v. Costello,* 94 Wis. 87, 91, 68 N. W. 663; *State ex rel. Kaltenbach v. Shiel,* 114 Wis. 255, 90 N. W. 112, and cases there cited. In legal contemplation, the claim was filed when it was presented to the clerk to be filed, and retained by him as such clerk. Id. True, the statute authorized the clerk to 'require his fees' for filing such claim 'to be paid in advance.' Sec. 748, Stats. 1898. But he made no such requirement; and, in the absence of such requirement, his duty was to put his file mark upon the claim and docket the same. We must hold that the claim was filed May 22, 1902, within the meaning of the statutes."

In this case the appellant, acting pro se, signed the petition and sent it by registered mail on May 13, 1971, to the clerk of the circuit court for filing. The appellant also included an $8 check, the same amount he was charged before. On May 17, 1971, the clerk received the petition for review and the $8, all being within the statutory thirty days. The clerk acknowledged their delivery by signing the postal return receipt. The clerk made no demand at this time for payment of an additional fee. Not until after the review period had expired, and a total of sixteen days later, was the demand made in a letter written June 1, 1971. During this

sixteen-day period the petition and the $8 fee remained in the clerk's office. Under sec. 59.43, Stats., the clerk has the discretion to refuse to file the petition until the fees are paid or "extend credit" and file the petition.[7] Under such circumstances the appellant could reasonably believe he had properly filed his petition with the clerk of court.

Under the facts of this case "in legal contemplation," [8] we hold the petition was filed with the clerk of court within the thirty-day statutory period to seek a review of the department order.

The department next contends that service on the department by mail on May 17, 1971, was not "upon the agency or one of its members or upon its secretary or clerk" pursuant to sec. 227.16, Stats. Sec. 227.01 (1) defines "agency" as any board, commission, committee, department or officer in state government. Here, appellant served Thomas W. Dale, who is the custodian of records in the Equal Opportunities Division of the department. The appellant contends and we believe he was misled because of his belief that Dale was a proper person to be served for the department. First, the original complaint was filed with the Equal Opportunities Division which made an investigation and issued the department's initial determination. On August 19, 1968, the division informed and gave notice to appellant that his complaint would be heard in September of 1968. In its May 20, 1969, letter, it sent appellant the examiner's recommended findings of fact and conclusions of law and notified appellant that he had ten days to seek a review. On January 26, 1970, Thomas Dale sent appellant a letter which stated, in part: ". . . I, Thomas W. Dale, a duly authorized agent for the Department of Industry, Labor and Human Relations . . . ." In

[7] 53 Op. Atty. Gen. (1964), 218.

[8] *Lang v. Menasha Paper Co., supra.*

February of 1970, appellant had corresponded with Dale in this action and the department did not object. Plus, prior thereto, on October 5, 1967, Dale had sent a letter to appellant and signed it as legal counsel for the department, stating:

"In response to your request for confirmation, a call was made today to American Motors Corporation in Kenosha. I have been advised by Mr. Wilberg's successor (a Mr. Falleck) that the persons and records requested will be produced and made available to you at the October 19th hearing.

"I have also called Mr. Norm Taugher, deputy director of Workmen's Compensation in Madison regarding the requested employe handbook and he has assured me that he will place it in the mail today."

This correspondence and many others were sent by the division to appellant with respect to his action. All of this, and especially the fact that Dale was "legal counsel" for the department at that time caused the pro se appellant to be misled and reasonably believe that Dale represented the department.

The department and A.M.C. also complain that service is defective since it was not personally served or sent by registered mail pursuant to sec. 227.16 (1), Stats. They argue that this defect goes to the court's subject-matter jurisdiction. It would appear that the legislative intent under sec. 227.16 (1) (the type of service required), is to guarantee timely notice to the department. Here, timely notice was received on May 17th within the thirty-day period. The department did not complain that notice was defective until the latter part of August, 1971. This is more than two months later. In the interim period the department actively engaged in the review process. It was communicating with the court and the appellant in June and July of 1971, in an effort to use a stipulated record. While service upon the department within thirty days of the service of

its order may be a prerequisite to the court's subject-matter jurisdiction, the primary function of service, namely, notice, was fulfilled within the thirty days. We conclude any defect in the manner of service so as to affect subject-matter jurisdiction was waived. The department also waived the manner in which it was personally served, which service gave the circuit court personal jurisdiction over it. The department's acts in the interim period were entirely inconsistent with its present position. After appellant refused to stipulate, the department filed a motion in circuit court to limit the record. These acts constitute a waiver—that is, a voluntary and intentional relinquishment of a known right. *Broadbent v. Hegge* (1969), 44 Wis. 2d 719, 172 N. W. 2d 34.

The A.M.C. complains that service of the petition was insufficient because it was not by registered mail. Sec. 227.16 (1), Stats., does not require A.M.C. to be served in order for the court's subject-matter jurisdiction to attach. Rather, one only need serve the department and file with the court. Service on A.M.C. is required in sub. (1) of sec. 227.16 within thirty days after the "institution of the proceeding."

Service upon A.M.C. was not necessary for the court to obtain subject-matter jurisdiction—it was for the purpose of obtaining personal jurisdiction over one of the parties appearing in the agency proceeding. Service by registered mail is to facilitate its delivery and to determine the date of service. In this instance there is no doubt that A.M.C. was in fact served within the time limit, the only fault is that registered mail was not used. A.M.C. was notified within the statutory time; it has not been misled nor its right to participate prejudiced in any way. In this case the improper manner of service was not prejudicial. Its effect was de minimis and it should not prevent the appellant from obtaining

a review of the department's order. Further, by participating in the motion challenging the subject-matter jurisdiction, without a special appearance as to personal jurisdiction, it waived its objection to personal jurisdiction.

Respondents next complain that the circuit court still lacks subject-matter jurisdiction because this court has stated in prior case law, and recently in *Brachtl v. Department of Revenue* (1970), 48 Wis. 2d 184, 179 N. W. 2d 921, that "The right of appeal from a statutory administrative tribunal is dependent upon strict compliance with the statutes. . . ." The answer is simply that the appellant sought such compliance. Except for the department's and the clerk's actions there would have been strict compliance. Only on its fourth attempt did the department issue a valid order. The first was remanded at the department's request because of its own admitted error. The appellant at that time had properly complied with sec. 227.16 (1), Stats. The second attempted order was issued prior to the remand order which caused it to be a nullity. The third order was issued without service or notice on not only the appellant but the attorney general also. Sec. 227.14. Only on the fourth attempt, after the trial judge informed the department as to who must be served, did the department validly serve its order.

This is not the case where there was only one petition for review sought from one administrative order. Nor is it the case where the claimant did not seek compliance with sec. 227.16 (1), Stats., before the review period had expired. Nor a case where no fee accompanied the petition. Nor is it the case where the petitioner could have complied but did not solely because of his own inadvertence, mistake or negligence. Rather, this is a case where, except for the department's faulty procedures and the clerk's unreasonable failure to file, there would have been compliance. One of the purposes of

strict compliance with ch. 227 is to maintain the orderly administration of the judicial process. But another purpose and policy of ch. 227 is stated by Ralph M. Hoyt, who is one of the principal authors of the Wisconsin Administrative Procedure Act. He states the purpose is to ". . . afford the appellant every opportunity to get into court and secure a reversal upon any ground that the statute may countenance, so long as he apprises his adversaries of the nature of his grievance at least by the time the appeal comes on for hearing." Hoyt, *Wisconsin Administrative Procedure Act,* 1944 Wisconsin Law Review, 214, 232.

For this case in legal contemplation we conclude that the petition was filed within the statutory period so as to confer subject-matter jurisdiction upon the circuit court.

*By the Court.*—Order reversed, and cause remanded for further proceedings.