J. DENIS MORAN, Director of State Courts
You have requested my opinion concerning whether a clerk of circuit court is required to docket a large claim money judgment pursuant to section 806.10, Stats., where the $5 docketing fee prescribed in section 814.61 (5)(b) is not paid.
It is my opinion that the statutes have given the clerk discretion to refuse to docket such a judgment where statutory fees have not been prepaid. This discretion is not unlimited; nor does such discretion extend to the performance of all the clerk's duties in conjunction with which he is authorized to collect fees.
One of the statutory duties of the clerk of circuit court is to maintain a judgment record and to docket therein all money judgments. Sec. 59.39 (7), Stats. Section 806.10 (1) provides that the clerk shall enter certain detailed information in the judgment docket at the time of entry of a large claim money judgment. A judgment is entered when it is filed in the office of the clerk of court. Sec. 806.06 (1)(b), Stats. See Bruns v. Muniz, 97 Wis.2d 742,745, 295 N.W.2d 11 (Ct.App. 1980). Section 806.06 (2) provides for the entry of judgment as follows:
 (2) The judge or the clerk upon written order of the judge may sign the judgment. The judgment shall be entered by the clerk upon rendition.
A judgment is rendered when it is signed. Sec. 806.06 (1)(a), Stats. *Page 55 
Although section 806.06 (2) provides for entry, i.e. filing of a judgment upon rendition, and section 806.10 (1) requires the clerk to docket a judgment at the time of entry, the clerk may refuse to docket the judgment in the absence of prepayment of the statutory fee.
I reach this conclusion for a number of reasons. For more than a century the statutes have provided that the clerk of court may require statutory fees in advance for his services. See
Chapter 166, section 2, Laws of 1887. The most recent expression of the Legislature's intent in this regard is the present section 59.42, created by Chapter 317, section 30gw, Laws of 1981:
 59.42 Clerk of court; fees; investment of funds. (1) The clerk of the circuit court shall collect the fees prescribed in ss. 814.60 to 814.63. The clerk may refuse to accept any paper for filing or recording until the fee prescribed in subch. II of ch. 814 or any applicable statute is paid.
The supreme court in commenting on identical language in section 59.43, the precursor to section 59.42, noted:
 The clerk of court's duties are basically set forth in secs. 59.39 and 59.395, Stats. These duties included the obligation to file all papers properly before him. However, sec. 59.43, supra, provides the clerk may
refuse to accept any paper for filing until the appropriate fees are paid. The use of the word "may" in the statute gives the clerk discretion to accept and file papers without the payment of the filing fee. The clerk may "extend credit" but is not obliged to do so and when he does it is at his risk.
Hamilton v. ILHR Department, 56 Wis.2d 673, 681-82,203 N.W.2d 7 (1973) (emphasis in original; footnotes omitted).
In addition, by 1987 Wisconsin Act 151, section 13, the Legislature created section 806.10 (1m), effective March 17, 1988:
 806.10 (1m) The clerk's fee for making the entry upon a judgment docket, as prescribed in s. 814.61 (5)(b), shall be paid to the clerk at the time the judgment is docketed. *Page 56 
1987 Wisconsin Act 151 was requested as remedial legislation by your office, and made "minor substantive changes in the statutes." 1987 Wisconsin Act 151, Law Revision Committee Prefatory Note. The specific problem remedied by section 806.10 (1m) was described as follows:
 NOTE: Under present s. 814.61 (5)(b), a clerk of court is authorized to collect a fee of $3 for filing and docketing judgments. The statute setting forth the procedure for filing and docketing judgments, s. 806.10, does not reference the filing and docketing fee. Failure to so reference the fee has apparently resulted in confusion and questioning of the clerk's authority to collect the fee.
 To prevent future confusion, this bill expressly cross-references s. 806.10 the fee requirement prescribed in s. 814.61 (5)(b).
1987 Wisconsin Act 151, section 13, Law Revision Committee Note.
Section 814.61 provides in relevant part as follows:
 814.61 Civil actions; fees of the clerk of court. In a civil action, the clerk of court shall collect the fees provided in this section. . . . The clerk shall collect the following fees:
. . . .
 (5) JUDGMENTS, WRITS, EXECUTIONS, LENS, WARRANTS, AWARDS, CERTIFICATES. The clerk shall collect a fee of $5 for the following:
. . . .
 (b) Filing and docketing judgments, transcripts of judgments, liens, warrants and awards, including filing and docketing assignments or satisfactions of judgments, liens or warrants,. . . .
Reading sections 806.10 (1m) and 814.61 (5)(b) together, it is clear that the $5 fee becomes due and owing at the time of docketing the money judgment. It is also clear that the clerk is authorized and in fact has a duty to collect this fee for the service *Page 57 
of filing and docketing the judgment. Filing the judgment and docketing it, though two separate activities, are to occur at the same time. Secs. 806.10 (1) and 806.06 (1)(b), Stats.
Although section 806.06 (2) provides that the judgment shall be entered by the clerk upon rendition, the word "shall" is not mandatory in the sense that the clerk must enter judgment immediately upon rendition regardless of nonpayment of the statutory fee. It should be noted that sections 806.06 (1) and (2) remain unchanged from the adoption of the Rules of Civil Procedure, effective January 1, 1976. It is a well-established rule of statutory construction that where statutes by their terms conflict the later statute prevails over the earlier. State ex rel.Mitchell v. Superior Court, 14 Wis.2d 77, 79, 109 N.W.2d 522
(1961). In addition, the word "shall" can be construed as being directory rather than mandatory if that construction is necessary to carry out legislative intent. Karow v. Milwaukee County CivilServ. Comm., 82 Wis.2d 565, 571, 263 N.W.2d 214 (1978).
Subsequent to the adoption of the Rules of Civil Procedure, the Legislature in section 59.42 reenacted in the broadest terms legislation giving the clerk discretion to refuse to perform the services of filing and recording documents until statutory fees are paid. The Legislature is presumed to enact statutory provisions with full knowledge of the existing laws, including the decisions of the supreme court interpreting relevant statutes. Glinski v.Sheldon, 88 Wis.2d 509, 519-20, 276 N.W.2d 815 (1979). Thus the Legislature in reenacting the language of section 59.43, Stats. (1979), in the present section 59.42, is presumed to do so in light of the supreme court's interpretation of that language; i.e. that the clerk may refuse to file papers presented to him until appropriate fees are paid. Hamilton, 56 Wis.2d at 681-82.
As pointed out, the Legislature also enacted section 806.10 (1m) subsequent to the adoption of the Rules of Civil Procedure, requiring payment of the statutory fee at the time of docketing. In this regard, it is important to note that the adoption of rules regulating practice in the courts of this state is a power shared by *Page 58 
the judicial and legislative branches of government. Court rules regulating such practice are binding on the officers of the court until changed by the supreme court or the Legislature. Mosing v.Hagen, 33 Wis.2d 636, 646-47, 148 N.W.2d 93 (1967).
I am thus led to the conclusion that though section 806.06 (2) provides that the clerk shall enter judgment upon rendition, this section simply sets forth the circumstances under which the clerk has authority to enter judgment and does not deprive the clerk of his discretion to collect his statutory fee prior to filing and docketing the judgment.
Further support for this opinion is found in the history of the adoption of the Rules of Civil Procedure. The definitions contained in section 806.06 were designed to bring some precision to the terminology concerning judgments. Section806.06, Judicial Council Committee's Note, 1974. Harvey, W., Rules of Civil Procedure (West's Wis. Prac. Series 1975) § 6099. Section 806.06 (2) replaced section 270.65, Stats. (1973), which provided for the entry of judgment by the clerk where authorized without the direction of the court. This exception allowed the clerk to enter judgment in default actions on a contract for money damages under section 270.62 (3), Stats. (1973), and on admitted claims under section 273.63, Stats. (1973). Section 806.06 (2) appeared to restrict the authority of the clerk from entering judgment in those circumstances without first having the court sign the judgment or provide a written order authorizing the clerk to sign the judgment. Harvey, W., Rules of Civil Procedure (West's Wis. Prac. Series 1975) § 6100. This power was subsequently restored to the clerk. See section 806.03, Judicial Council Committee's Note, 1976. Thus section 806.06 (2) appears to have been designed to define the authority of the clerk to enter judgment, rather than restrict his discretion to require the prepayment of statutory fees for his services.
I must caution you that the clerk's discretion in this regard is not unlimited. Hamilton, 56 Wis.2d at 683. When a judgment is received by the clerk for filing and docketing without the *Page 59 
statutory fee, the clerk may not retain the judgment and fail to perform those services without making the prepayment requirement known to the party submitting the judgment. Langv. Menasha Paper Co., 119 Wis. 1, 6, 96 N.W. 393 (1903). In that case the court stated:
 True, the statute authorized the clerk to "require his fees" for filing such claim "to be paid in advance." Sec. 748, Stats. 1898. But he made no such requirement; and, in the absence of such requirement, his duty was to put his file mark upon the claim and docket the same.
Id., at 6. See also, 53 Op. Att'y Gen. 219, 220 (1964). Even in the absence of the receipt of the statutory fee, if the circumstances are such that a person could reasonably believe that he had properly filed a document with the clerk, failure of the clerk to file it would be an abuse of discretion. Hamilton,56 Wis.2d at 685. In any event, the clerk has a duty to collect the fee if it is not paid at the time the service is rendered. 53 Op. Att'y Gen. at 222. Such an unpaid fee would become a debt collectible in such manner as any other debt created by law. See, my discussion at 76 Op. Att'y Gen. 265, 266 (1987), of the clerk's child support distribution fee, collectible pursuant to section 814.61 (12)(b). If the clerk retains a document in his custody and still exercises his discretion to refuse to file it without prepayment of the statutory fees, the clerk must make a reasonable effort to notify the party submitting the document for filing so that that party's rights are not arbitrarily prejudiced. See,Hamilton, 56 Wis.2d at 683.
I must also caution you that section 59.42 (1) does not confer upon the clerk of circuit court discretion to refuse to file a notice of appeal to the court of appeals when either the docketing fee prescribed by section 809.25 (2) or the section 814.61 (9) transmittal and postage fees are not paid. Douglas v. Dewey,147 Wis.2d 328, 341-42, 433 N.W.2d 243 (1989). After filing the notice of appeal, the clerk may refuse to assemble the record for forwarding to the court of appeals and may refuse to forward the *Page 60 
record after it has been assembled until the transmittal fee and postage required by section 814.61 (9) have been paid. Rome v.Betz, 120 Wis.2d 528, 530-31, 355 N.W.2d 844 (Ct.App. 1984).
You also express concern that refusal to docket a judgment might subject a clerk to liability under section 806.10 (3):
 (3) Every clerk who dockets a judgment or decree and enters upon the docket a date or time other than that of its actual entry or neglects to docket the same at the proper time shall be liable in treble damages to the party injured.
It is my opinion that where the clerk has refused to file and docket a judgment in the absence of prepayment of the statutory fee, the actual time of entry of judgment, which is the time when the judgment is to be docketed under section 806.10 (1), is the time when both the fee and the judgment have been placed in the custody of the clerk. This applies only so long as the clerk has not abused his discretion, as set forth above. The clerk incurs no liability if the time of his possession of both the fee and the judgment is recorded as the time of entry in the judgment docket. If the clerk abuses his discretion, damages are effectively limited inasmuch as "in legal contemplation" the judgment would be entered and docketed when it is presented to the clerk to be filed, even in the absence of prepayment of the fee, where the judgment is retained by the clerk and no payment is required of the person submitting it. See, Lang, 119 Wis. at 6; Hamilton,56 Wis.2d at 685.
The clerk's duty to perform a service in the absence of requiring prepayment of a statutory fee continues the same as though it had been paid in advance. Williams v. Willock,123 Wis. 293, 294, 101 N.W. 927 (1904). The mere improper failure of the clerk to mark the judgment and the papers composing the judgment roll as filed would not prevent such filing from being effectual. Hart v. Jos. Schlitz B. Co., 120 Wis. 553, 556,98 N.W. 526 (1904).
DJH:DEH *Page 61